UNITED STATES EX RELATIONE THE BALDWIN COMPANY *v.* ROBERTSON, AS COMMISSIONER OF PATENTS, AND R. S. HOWARD COMPANY.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 251. Argued April 29, 1924.—Decided May 26, 1924.

1. A decree of the Court of Appeals of the District of Columbia directing dismissal of a bill for want of jurisdiction upon a construction of the Trade Mark Act, is reviewable here by appeal, under Jud. Code, § 250. P. 176.

2. Under § 9 of the Trade Mark Act, the registrant of a trade-mark who successfully resisted an application to cancel before the Commissioner but was defeated on his opponent's appeal to the Court of Appeals of the District of Columbia, may maintain a bill under Rev. Stats., § 4915, to enjoin the Commissioner from canceling the registration. *American Steel Foundries* v. *Robertson,* 262 U. S. 209. P. 177.

3. A bill brought under Rev. Stats., § 4915, to enjoin the Commissioner of Patents from canceling a trade-mark registration pursuant to a decision of the Court of Appeals, is not barred by Rev. Stats., § 4894, where the delay beyond the period there prescribed was justified by the taking of an appeal to this Court which was, however, dismissed for want of jurisdiction. P. 181.

287 Fed. 942; 52 App. D. C. 368, reversed; certiorari denied.

APPEAL from a decree of the Court of Appeals of the District of Columbia reversing a decree of the Supreme Court of the District, which enjoined the cancellation of a trade-mark registration, and directing that the bill be dismissed for want of jurisdiction.

*Mr. Frederic D. McKenney,* with whom *Mr. John Spalding Flannery, Mr. Lawrence Maxwell* and *Mr. John E. Cross* were on the brief, for appellant.

*Mr. Samuel S. Watson* for appellees.

In an action under the patent laws there is no appeal to this Court. *Chott* v. *Ewing,* 237 U. S. 197; *Hutchin-*

*son, Pierce & Co.* v. *Loewy,* 217 U. S. 457; *Gompers* v. *United States,* 233 U. S. 604; *Chapman* v. *United States,* 164 U. S. 436.

Section 4915, Rev. Stats., does not authorize this action. It is a statutory provision to secure a purely statutory right; that is, to secure a patent. Its language is unmistakably plain. As pointed out in *Greenwood* v. *Dover,* 194 Fed. 90, the section has come down to us without substantial change from the time when there was no review by any court or judge of decisions of the Commissioner of Patents. Its language goes back to the Patent Act of 1836, when there was first created a board of examiners.

In *Butterworth* v. *Hoe,* 112 U. S. 50, and in *United States* v. *Duell,* 172 U. S. 576, this Court summarized all the instrumentalities provided by Congress since the foundation of the Government for the granting of patents and traced the development of appeals, viz:

In 1793 appeals might be taken to three arbitrators; in 1836 appeals might be taken to the Board of Examiners composed of three disinterested persons whose decision was to be certified to the Commissioner of Patents, who " shall be governed thereby in further proceedings to be had on such application," and remedy by bill in equity was first provided; in 1839, somewhat modified in 1849 and 1852, appeal was provided from the Commissioner to one of the judges of the Circuit Court of the District of Columbia; in 1870 an appeal was provided from the decision of the Commissioner to the Supreme Court of the District sitting in banc " whose decision was to govern further proceedings in the case "; in 1893 appeals were transferred from the Supreme Court of the District sitting in banc to the Court of Appeals of the District, which is the present status.

While Congress provided for the granting of patents in 1790 (c. 7, 1 Stat. 109), it made no enactment in any way relating to trade-marks until 1870, and no valid en-

actment prior to 1881. There is a wide and substantial difference between patents and trade-marks. *Butterworth* v. *Hoe, supra; Trade-Mark Cases,* 100 U. S. 82.

The registration of a trade-mark is solely a statutory privilege and the statutory limitations are strictly construed.

By the Trade Mark Act, Congress granted power to cancel trade-mark registrations exclusively to the Commissioner of Patents, subject only to review by the Court of Appeals of the District of Columbia. Prior to the Act of 1905, there was no provision for canceling a trademark registration, and there was no direct review, judicial or administrative, by appeal or otherwise, of decisions of the Commissioner upon matters relating to the registration of trade-marks. *South Carolina* v. *Seymour,* 153 U. S. 353. No court has ever assumed the right to cancel a trade-mark registration, except the Court of Appeals of the District by the procedure expressly provided by the Trade Mark Act itself. Section 13 of that act provides for the cancellation of a trade-mark registration by the Commissioner when the registrant was not entitled to the use of the trade-mark. By § 9, appeal may be taken from the Commissioner to the Court of Appeals of the District.

The " use " referred to has been repeatedly held " to mean the right of exclusive use." *Magic Curler Co.* v. *Porter,* C. D. 1907, 163. The remedy is full, fair and summary, with appeal from the examiner to the Commissioner, and with no time limit for the application, *Planten* v. *Gedney,* 224 Fed. 382.

Section 22 provides for the cancellation of trade-mark registrations when there are interfering registrations by suit in equity. This section corresponds to § 4918, Rev. Stats., applicable to interfering patents. The Trade Mark Act fully provides for every case, both when the Commissioner wrongfully refuses to register a trade-mark

and when he erroneously grants registration. No trade-mark registration has ever been canceled under § 4915, Rev. Stats.; no patent has ever been canceled under § 4915, Rev. Stats.

Except in the case of interfering patents, it is settled law that patents for inventions may be canceled only by the United States, and only under the general principles of equity, and this right is solely within the power of the United States. It has been settled that § 4915, Rev. Stats., does not authorize an action to cancel a patent, even by the United States. *Mowry* v. *Whitney,* 14 Wall. 434; *United States* v. *American Bell Tel. Co.,* 128 U. S. 315; *Same* v. *Same,* 159 U. S. 548; *Briggs* v. *United Shoe Machinery Co.,* 239 U. S. 48.

To interpret § 4915 as authorizing the action at bar, which is to enjoin the cancellation of a trade-mark registration, requires a rewriting of § 4915, and the incorporation into the section of both words and subject matter entirely foreign to its present plain language. Such an interpretation " is not to be attained by striking out or disregarding words that are in the section, but by inserting those that are not there now. This is no part of our duty." *Trade-Mark Cases,* 100 U. S. 82; *Hill* v. *Wallace,* 259 U. S. 44; *United States* v. *Temple,* 105 U. S. 97; *United States* v. *First Natl. Bank,* 234 U. S. 245.

As far as counsel has been able to discover, there has been only one decision which even touches the question at bar, by any court, during the years since trade-marks have been registered, and that was in the recent case of *Loughran* v. *Quaker City Chocolate Co.,* 286 Fed. 694, in which the court held that § 4915, Rev. Stats., did not authorize an action to cancel a trade-mark registration, although it held that § 4915 authorized an application to secure registration of a trade-mark.

It is respectfully submitted that *Atkins & Co.* v. *Moore,* 212 U. S. 285, and *American Steel Foundries* v. *Robert-*

*son,* 262 U. S. 209, have no application, having to do solely with securing the registration of a trade-mark, while the case at bar has to do with the cancellation of a registration; that is, to enjoin a cancellation.

If § 4915, Rev. Stats., does not authorize an action to cancel a patent, much less can it be interpreted to authorize an action to cancel the registration of a mark; and much less still to authorize an action to enjoin the cancellation of a registration of a mark which the Court of Appeals of the District has adjudged should be canceled.

In *Westinghouse Elec. Co.* v. *Ohio Brass Co.* 186 Fed. 518, 520, which was an action for a patent under § 4915, Rev. Stats., the court said: " The right to retry the merits of an application for a patent, by bill in equity, . . . is purely statutory, and is subject to such restrictions as Congress may prescribe."

The Supreme Court of the District is without cognizance of the class of cases to which this case belongs, without power to adjudicate concerning the subject matter here involved. *Cooper* v. *Reynolds,* 10 Wall. 308; *In re Sawyer,* 124 U. S. 200.

There is no presumption of jurisdiction where a court, although one of general jurisdiction, is called upon to exercise special statutory powers, *Galpin* v. *Page,* 18 Wall. 350; nor is there ever any presumption that Congress intended to provide a further review or a retrial. *Ferry* v. *United States,* 85 Fed. 550; *Reynolds* v. *Stockton,* 140 U. S. 254.

Respondent contends that all provisions provided by Congress for the cancellation of trade-mark registrations are contained in §§ 13 and 9 of the Trade Mark Act of 1905, and that these provisions are exclusive, whether regarded as judicial or administrative, except as provided by § 22 of the act, which is applicable only when there are interfering registrations.

It is familiar doctrine that where a right, privilege or remedy is created by statute, the provisions of the statute govern, limit and control the right or remedy and are exclusive. *Wilder Mfg. Co.* v. *Corn Products Co.,* 236 U. S. 165.

By the Trade Mark Act itself Congress regulated the whole subject of cancellation of trade-mark registrations, which was a subject matter entirely within its control and discretion, *United States* v. *American Bell Tel. Co.,* 167 U. S. 224; *United States* v. *Duell,* 172 U. S. 576, 589; the provisions which Congress made are comprehensive; they embrace the whole subject; it is respectfully submitted that these provisions are exclusive.

It is plain that the cancellation provision "was a new remedy", provided as a part of the registration statute itself, "and as the mode of pursuing it was specially pointed out, that mode must be pursued", and that "the remedy thus prescribed is exclusive of all others". *Arnson* v. *Murphy,* 109 U. S. 238; *Middletown Natl. Bank* v. *Toledo, etc., Ry. Co.,* 197 U. S. 394; *Cook County Bank* v. *United States,* 107 U. S. 445; *Jackson* v. *Cravens,* 238 Fed. 117; *Butterworth* v. *Hoe,* 112 U. S. 50; *Globe Newspaper Co.* v. *Walker,* 210 U. S. 356; *Hills & Co.* v. *Hoover,* 220 U. S. 329; *Blumenstock Bros.* v. *Curtis Publishing Co.,* 252 U. S. 436.

If the trade-mark registration statutes are to be regarded as administrative provisions, the courts have no jurisdiction to review their quasi-judicial decisions beyond what is expressly conferred by the Trade Mark Acts themselves. *Keller* v. *Potomac Electric Power Co.,* 261 U. S. 428; *United States* v. *Duell,* 172 U. S. 576; *Ness* v. *Fisher,* 223 U. S. 683; *Fong Yue Ting* v. *United States,* 149 U. S. 698.

If it be held that § 4915, Rev. Stats., authorizes this action, it is respectfully submitted that the case at bar was not brought in time.

It has been settled by the decisions of this Court that an action under § 4915 must be brought within one year from the date of the decision of the Court of Appeals of the District in the Patent Office proceeding, unless excuse " to the satisfaction of the court " is pleaded and shown. None is here pleaded. *Gandy* v. *Marble,* 122 U. S. 432; Rev. Stats., § 4894, as amended by Act of March 3, 1897, c. 391, 29 Stat. 694; *Butterworth* v. *Hoe,* 112 U. S. 50; *American Steel Foundries* v. *Robertson,* 262 U. S. 209; *Coleman* v. *American Mach. Co.,* 235 Fed. 531; *McKnight* v. *Metals Co.,* 128 Fed. 51; *In re Hien,* 166 U. S. 432; *Westinghouse Elec. Co.* v. *Ohio Brass Co.,* 186 Fed. 518; *Sutton* v. *Wentroath,* 247 Fed. 493.

The appeals of the Baldwin Company to this Court, which were dismissed for want of jurisdiction, and its applications for writs of certiorari, which were denied (256 U. S. 35), cannot be held to have extended the time within which to file the bill of complaint at bar. *Westinghouse Elec. Co.* v. *Ohio Brass Co., supra; McMillan Contracting Co.* v. *Abernathy,* 263 U. S. 438. Obviously, a litigant, by choosing a wrong court or a wrong remedy, cannot continue a litigation indefinitely when the statutes provide otherwise, as might be done if the time limit could be extended by selecting the wrong court. If this could be done, the statute which limits the time would be a dead letter. *Credit Co.* v. *Arkansas Central Ry. Co.,* 128 U. S. 258, 261; *Conboy* v. *First Natl. Bank,* 203 U. S. 141, 145; *Blaffer* v. *New Orleans Water Co.,* 160 Fed. 389. It is the date of the decision of the Court refusing the patent which is the controlling date. *Gandy* v. *Marble, supra,* 439, 440; *Mattullath Aeroplane Co.* v. *Newton,* 1921 C. D. 103; 279 O. G. 730; *Coleman* v. *American Co.,* 235 Fed. 531; *In re Hien,* 166 U. S. 432.

When the time is limited by act of Congress, it is absolute when the right is strictly statutory. It is jurisdictional. *The Bayonne,* 159 U. S. 687; *Stevens* v. *Clark,*

62 Fed. 321; *Credit Co.* v. *Arkansas Central Ry. Co.,* 128 U. S. 258; *In re McCall,* 145 Fed. 898.

Rules or orders of the courts do not enlarge the time limited by acts of Congress. *Conboy* v. *First Natl. Bank,* 203 U. S. 141; *Credit Co.* v. *Arkansas Central Ry. Co.,* 128 U. S. 258; *United States* v. *Fidelity & Deposit Co.,* 155 Fed. 117; *Arnson* v. *Murphy,* 109 U. S. 238.

As an action under § 4915, Rev. Stats., is " a part of the application for a patent " (*American Steel Foundries* v. *Robertson,* 262 U. S. 209), it is governed by the rules applicable thereto.

The time to take appeals from the Patent Office to the Court of Appeals of the District (40 days) is strictly enforced. *Burton* v. *Bentley,* 14 App. D. C. 471; *Ross* v. *Loewer,* 9 App. D. C. 563; *In re Hien,* 166 U. S. 432. Time is reckoned from the date of the decision of the Court of Appeals and not from the time that notice of the decision is sent to, or received by, the party against whom made (*Burton* v. *Bentley, supra,*) and the running of the time is not suspended by filing a petition for a rehearing. *Ross* v. *Loewer, supra.*

MR. CHIEF JUSTICE TAFT delivered the opinion of the Court.

The Baldwin Company filed its bill in the Supreme Court of the District of Columbia against the Commissioner of Patents, seeking to enjoin that officer from canceling two registrations of trademarks for pianos of which the complainant claims to be the rightful owner. The trademarks were one for the word "Howard", accompanied by the initials V. G. P. Co. arranged in a monogram dated March 8, 1898, and the other the word " Howard " printed or impressed in a particular and distinctive manner dated October 17, 1905. The R. S. Howard Company came into the case as an intervener and filed an answer denying the right of the complain-

ant to continue to enjoy such registrations and resisting the injunction to prevent the cancellation. The Commissioner of Patents as defendant also filed an answer denying the right of the complainant to the relief sought. The intervener also filed a motion to dismiss the bill for lack of jurisdiction in the court to entertain it. The court denied the motion to dismiss the bill and enjoined cancellation pending the final disposition of the cause. An appeal from this interlocutory order was taken under § 7 of the Act of February 9, 1893, establishing the Court of Appeals for the District of Columbia (27 Stat. 434, c. 74). The Court of Appeals reversed the Supreme Court and remanded the cause with instructions to dismiss the bill. Appeal to this Court was sought and allowed under § 250 of the Judicial Code, which provides as follows:

" Any final judgment or decree of the Court of Appeals of the District of Columbia may be reexamined and affirmed, reversed, or modified by the Supreme Court of the United States, upon writ of error or appeal, in the following cases:

" First. In cases in which the jurisdiction of the trial court is in issue; but when any such case is not otherwise reviewable in said Supreme Court, then the question of jurisdiction alone shall be certified to said Supreme Court for decision.

.  .  .  .

" Sixth. In cases in which the construction of any law of the United States is drawn in question by the defendant."

The errors assigned were the holding that the Supreme Court was without jurisdiction to entertain the suit, and the direction to dismiss the bill on that account. In addition to the appeal, the appellee in the Court of Appeals petitioned for a certiorari which is now pending.

As the decree of the Court of Appeals directs the dismissal of the bill for lack of jurisdiction, it is a final de-

cree.  *Shaffer* v. *Carter,* 252 U. S. 37, 44.  As the court based its conclusion upon the construction of § 9 of the Trade Mark Act (33 Stat. 727), and § 4915, Rev. Stats., which was specifically drawn in question by the intervener, and necessarily by the defendant in his answer in denying the complainant's right to relief as claimed by him in his bill under said two sections, we think the appeal was rightly allowed and that the petition for certiorari should be denied.

The controversy between the parties litigant has had several phases.  In August, 1914, R. S. Howard Company sought to cancel the registration of the two trademarks of Baldwin & Company, already referred to, by application to the Commissioner.  The Commissioner refused, but upon appeal to the Court of Appeals of the District, the decision of the Commissioner was reversed and this was duly certified to the Commissioner.  48 App. D. C. 437.  The Baldwin Company appealed to this Court and filed an application for a certiorari as well.  The appeal was dismissed and the certiorari denied on the ground that the certificate of the Court of Appeals to the Commissioner was not a final judgment, reviewable here upon appeal or certiorari.  256 U. S. 35.  This was April 11, 1921, and on May 7, 1921, the Baldwin Company filed the original bill in this case in the Supreme Court of the District against the Commissioner of Patents, seeking an injunction against the canceling of the trademarks in question.  By an amended bill, there was set forth the record in a suit between R. S. Howard Company and Baldwin Company in New York, resulting in an injunction against the use of the word Howard without prefix or suffix by the R. S. Howard Company in sales of pianos.  233 Fed. 439; 238 Fed. 154.

The main question we have here to consider is whether, by the statutes applicable to procedure in settling controversies over the registration of trademarks in inter-

state and foreign trade, a remedy by bill in equity to enjoin the Commissioner of Patents from canceling a registered trademark is given to the owner of the trademark so registered. We are to find the answer in § 9 of the Trade Mark Act (33 Stat. 727, c. 592) and in § 4915 of the Revised Statutes. Section 9 provides as follows:

" That if an applicant for registration of a trade-mark, or a party to an interference as to a trade-mark, or a party who has filed opposition to the registration of a trade-mark, or party to an application for the cancellation of the registration of a trade-mark, is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the court of appeals of the District of Columbia, on complying with the conditions required in case of an appeal from the decision of the Commissioner by an applicant for patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable."

Section 4915, Rev. Stats., provides as follows:

" Whenever a patent on application is refused, either by the Commissioner of Patents or by the supreme court of the District of Columbia upon appeal from the Commissioner, the applicant may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that such applicant is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. And such adjudication, if it be in favor of the right of the applicant, shall authorize the Commissioner to issue such patent on the applicant filing in the Patent-Office a copy of the adjudication, and otherwise complying with the requirements of law. In all cases, where there is no opposing party, a copy of the bill shall be served on the Commissioner; and all the ex-

penses of the proceeding shall be paid by the applicant, whether the final decision is in his favor or not."

We have held that the assimilation of the practice in respect of the registration of trademarks to that in securing patents as enjoined by § 9 of the Trade Mark Act makes § 4915, Rev. Stats., providing for a bill in equity to compel the Commissioner of Patents to issue a patent, applicable to a petition for the registration of a trademark when rejected by the Commissioner. *American Steel Foundries* v. *Robertson,* 262 U. S. 209; *Baldwin Co.* v. *Howard Co.,* 256 U. S. 35, 39 ; *Atkins & Co.* v. *Moore,* 212 U. S. 285, 291.

The present case presents this difference. The defeated party in the hearing before the Commissioner is not asking registration of a trademark but is seeking to prevent the cancellation of trademarks already registered. Section 9 provides for appeals to the District Court of Appeals not only for a defeated applicant for registration of a trademark, but also for a dissatisfied party to an interference as to a trademark, a dissatisfied party who has filed opposition to the registration of a trademark and a dissatisfied party to an application for the cancellation of the registration of a trademark. It seems clear that the complainant below was a dissatisfied party to an application for the cancellation of the registration of a trademark. We think that both the applicant for cancellation and the registrant opposing it are given the right of appeal to the District Court of Appeals under that section.

The next inquiry is whether, in addition to such appeal and after it proves futile, the applicant is given a remedy by bill in equity as provided for a defeated applicant for a patent in § 4915, Rev. Stats. We have in the cases cited given the closing words of § 9 a liberal construction in the view that Congress intended by them to give every

remedy in respect to trademarks that is afforded in pro-
ceedings as to patents, and have held that under them a
bill of equity is afforded to a defeated applicant for trade-
mark registration just as to a defeated applicant for a
patent. It is not an undue expansion of that construc-
tion to hold that the final words were intended to fur-
nish a remedy in equity against the Commissioner in
every case in which by § 9 an appeal first lies to the Court
of Appeals. This necessarily would give to one defeated
by the Commissioner as a party to an application for the
cancellation of the registration of a trademark, after an
unsuccessful appeal to the advisory supervision of the
Court of Appeals, a right to resort to an independent bill
in equity against the Commissioner to prevent cancellation.

It is pointed out, as militating against our interpreta-
tion of § 9 and an assimilation of trademark procedure to
that in the case of patents, that, after a patent issues,
there is no proceeding provided by which a patent can be
canceled except on suit of the United States. *Mowry* v.
*Whitney*, 14 Wall. 434, 439; *United States* v. *American
Bell Tel. Co.*, 128 U. S. 315, 368, 370; *United States* v.
*American Bell Tel. Co.*, 159 U. S. 548, 555; *Briggs* v.
*United Shoe Machinery Co.*, 239 U. S. 48, 50. That is
true; but a registration of a trademark may be canceled,
and the purpose of Congress by § 9 of the Trade Mark Act
was to give to defeated applicants in the Court of Ap-
peals the same resort to a court of equity as was given to
defeated applicants for patents *so far as the same was ap-
plicable*. The applicants in § 9 were of four kinds and
to each of them were intended to be accorded the same
resort to the Court of Appeals and the same remedy in
equity as to the applicant for a patent in § 4915. The
inherent differences between trademarks and patents
should not prevent our giving effect to the remedial pur-
pose of Congress in carrying out the analogies between the
two classes of privileges to secure a common procedure.

The argument is made that § 9 should not be held to authorize the use of a suit in equity for all of the four cases in which appeals are provided to the Court of Appeals from the Commissioner and are unsuccessful, because by § 22 of the same act there is a special provision for a remedy in equity where there are interfering registered trademarks. It is said this excludes the inference that such a remedy is also provided in § 9, on the principle *expressio unius exclusio alterius*. An examination of § 22 shows that it refers to an independent suit between claimants of trademarks both of which have already been registered. The Commissioner is not a party to such litigation but is subject to the decree of the court after it is entered. It is just like the proceeding in § 4918 to settle controversies between interfering patents already granted by the Patent Office. Section 9 of the Trade Mark Act is wider than § 22 in its scope. It includes one who applies for registration of an unregistered trademark which interferes with one already registered.

On the whole, we think that our decision in *American Steel Foundries* v. *Robertson,* 262 U. S. 209, leads us necessarily to sustain the jurisdiction of the Supreme Court of the District to entertain this bill.

Finally, it is objected that this bill was not in time. It was filed more than two years and two months after the decision of the Court of Appeals in the first appeal from the Commissioner of Patents. It is contended that under *Gandy* v. *Marble,* 122 U. S. 432, § 4894 Rev. Stats. applies to any bill in equity under § 4915 and compels the dismissal of the bill if it is not prosecuted within one year after the adverse decision in the Court of Appeals, unless it appears to the satisfaction of the court that the delay was unavoidable. *In re Hien,* 166 U. S. 432, 438; *American Steel Foundries* v. *Robertson,* 262 U. S. 209, 212, 213. There was here, however, justification for the delay, in the appeal taken to this Court which was dismissed. 256

U. S. 35. That decree was entered April 11, 1921, and this bill was filed within thirty days thereafter. We think there was no laches or abandonment.

The decree of the Court of Appeals is reversed and the cause is remanded to the Supreme Court of the District for further proceedings.

*Reversed.*

Dissenting, MR. JUSTICE McREYNOLDS.