## CORNING GLASS WORKS v. ROBERTSON, Commissioner of Patents.

### No. 5754.

Court of Appeals of the District of Columbia.

Argued April 7, 1933.

Decided May 1, 1933.

Vernon M. Dorsey and Alan F. Garner, both of Washington, D. C., and Edward S. Rogers, of New York City, for appellant.

T. A. Hostetler, Sol. of Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

This is an appeal from a decree in the Supreme Court of the District dismissing appellant's bill to restrain the Commissioner of Patents from proceeding further with the petitions of the Obear-Nester Glass Company for the cancellation of two of appellant's registered trade-marks.

On July 20, 1931, the Obear-Nester Glass Company, owner of registered trade-mark "Rex" for prescription bottles (No. 35303, October 23, 1900, and No. 231759, August 23, 1927), petitioned the Commissioner of Patents under section 13 of the Trade-Mark Act (Act of February 20, 1905, ch. 592, 33 Stat. 724, U. S. C., tit. 15, § 93 [15 USCA § 93]) to cancel appellant's registered trade-mark

"Pyrex" for glassware (No. 115846, March 13, 1917) and for nursing bottles (No. 190518, October 14, 1924), upon the ground of infringement.

Appellant filed motions to dismiss the petitions for cancellation, contending that, interfering registered trade-marks being involved, the Obear-Nester Company should have proceeded under section 22 of the Trade-Mark Act (section 102, title 15, U. S. C. [15 USCA § 102]). The motions to dismiss were denied, and the bill herein was filed.

Section 13 of the Trade-Mark Act authorizes "any person" who deems himself injured by the registration of a trade-mark "at any time" to apply to the Commissioner to cancel the registration.

Section 22 of the act provides that, "whenever there are interfering registered trade-marks, any person interested in any one of them may have relief against the interfering registrant, and all persons interested under him, by suit in equity against the said registrant; and the court, on notice to adverse parties and other due proceedings had according to the course of equity, may adjudge and declare either of the registrations void in whole or in part according to the interest of the parties in the trade-mark, and may order the certificate of registration to be delivered up to the Commissioner of Patents for cancellation."

For 27 years the Commissioner has, under section 13, assumed jurisdiction of cancellation proceedings involving interfering registered trade-marks. The examiner of interferences in this case estimates that not less than 20 per cent. of the cancellation proceedings under section 13 have involved interfering registered marks. While the Trade-Mark Act (Act of February 20, 1905, ch. 592, 33 Stat. 724 [see 15 USCA § 81 et seq.]) has been before Congress on a number of occasions,[1] sections 13 and 22 have not been amended. This is indicative of an adoption by Congress of the construction placed upon those sections by the tribunals charged with their administration. Copper Queen Consol. Mining Co. v. Territorial Board of Equalization of Arizona, 206 U. S. 475, 27 S. Ct. 695, 51 L. Ed. 1143; United States v. Cerecedo Hermanos Y Com-

[1] Act of May 4, 1906, c. 2081, 34 Stat. 168; Act of March 2, 1907, c. 2573, 34 Stat. 1251; Act of February 18, 1909, c. 144, 35 Stat. 627; Act of February 18, 1911, c. 113, 36 Stat. 918; Act of January 8, 1913, c. 7, 37 Stat. 649; Act of March 19, 1920, c. 104, 41 Stat. 533; Act of June 7, 1924, c. 341, 43 Stat. 647; and Act of March 4, 1925, c. 535, 43 Stat. 1268 (see 15 USCA § 81 et seq.).

pania, 209 U. S. 337, 28 S. Ct. 532, 52 L. Ed. 821.

In U. S. ex rel. Baldwin Co. v. Robertson, 265 U. S. 168, 44 S. Ct. 508, 510, 68 L. Ed. 962, it was held that, under section 9 of the Trade-Mark Act, the registrant of a trademark who successfully resisted an application (under section 13) to cancel before the Commissioner, but who was defeated on his opponent's appeal to this court, might maintain a bill under section 4915, R. S. (35 USCA § 63), to enjoin the Commissioner from canceling the registration. Section 9, as amended by Act March 2, 1929, § 2 (b), 15 USCA § 89, provides that, if an applicant for a trade-mark, or a party to an interference as to a trade-mark, or a party who has filed opposition to the registration of a trade-mark, or party to an application for the cancellation of the registration of a trade-mark, is dissatisfied with the decision of the Commissioner, he may appeal to the United States Court of Customs and Patent Appeals, etc.

It was contended (in the Baldwin Case) that section 9 should not be held to authorize the use of a suit in equity for all of the four cases in which appeals were provided, because "by section 22 of the same act * * * there is a special provision for a remedy in equity where there are interfering registered trademarks." The court rejected this contention, saying (265 U. S. at page 181, 44 S. Ct. 508, 510, 68 L. Ed. 962): "An examination of section 22 shows that it refers to an independent suit between claimants of trade-marks, both of which have already been registered. The Commissioner is not a party to such litigation, but is subject to the decree of the court after it is entered. * * * Section 9 of the Trade-Mark Act is wider than section 22 in its scope. It includes one who applies for registration of an unregistered trademark which interferes with one already registered."

The conclusion deducible from the language used is that section 9 embraces a Patent Office proceeding for the cancellation of the registration of a trade-mark under section 13, notwithstanding interfering registered trade-marks are involved.

We are clearly of the view that section 13 authorizes a proceeding in the Patent Office for the cancellation of a registered mark by the owner of a registered mark, and that section 22 provides for an independent equity suit. In other words, concurrent remedies are provided by the two sections, one in the Patent Office, the other in a court of equity.

This interpretation gives force and effect to the plain words of the statute and is in harmony with Patent Office practice of 27 years.

Decree affirmed.

Affirmed.