**ALEXANDRINE v. COE, Commissioner of Patents.**

**Patent Appeal No. 6107.**

Court of Appeals of the District of Columbia. Argued April 3, 1934. Decided May 14, 1934.

Maurice Leon, of New York City, and Edmund H. Parry, Jr., of Washington, D. C., for appellant.

T. A. Hostetler, Solicitor of the Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District dismissing appellant's bill to enjoin the Commissioner of Patents from canceling appellant's trade-mark No. 206729, for gloves, registered December 8, 1925, and consisting of a fanciful design with the word "Alexandrine" across it.

In August, 1928, Marshall Field & Co., an Illinois corporation, applied for the registration, under the 10-year clause of section 5 (b) of the Trade Mark Act of 1905 (33 Stat. 724, 725), as amended (section 85 (b), tit. 15, U. S. C., 15 USCA § 85 (b), of the name "Alexandre" for gloves. Thereupon interference was declared between the two marks and, after due proceedings, priority was awarded to Marshall Field & Co., as a result of which registration was granted to that company.

In December, 1931, Marshall Field & Co. instituted proceedings in the Patent Office for the cancellation of appellant's trademark. The application was sustained by the Examiner of Interferences, and on October 18, 1932, was affirmed by the Commissioner. Thereupon, on December 5, 1932, appellant filed this bill under section 4915, R. S., as amended (section 63, tit. 35, U. S. C., 35 USCA § 63). On December 7, 1932, due notice was given Marshall Field & Co. The court below ruled that Marshall Field & Co., being an adverse party in the Patent Office, is an indispensable party to this suit and that the Commissioner of Patents is neither a necessary nor a proper party.

The answers to the questions involved are to be found in United States ex rel. Baldwin Co. v. Robertson, 265 U. S. 168, 44 S. Ct. 508, 68 L. Ed. 962. The Baldwin Company filed a bill in the Supreme Court of the District against the Commissioner of Patents to enjoin that officer from canceling two registered trade-marks claimed by it. The Howard Company intervened and resisted the injunction to prevent the cancellation. The Commissioner of Patents filed an answer denying the right of the Baldwin Company to the relief sought.

The court said (265 U. S. at page 177, 44 S. Ct. 508, 509, 68 L. Ed. 962) that the main question to be considered was whether "by the statutes applicable to procedure in settling controversies over the registration of trade-marks in interstate and foreign trade, a remedy by bill in equity to enjoin the Commissioner of Patents from canceling a registered trade-mark is given to the owner of the trade-mark so registered." The court further said (page 179 of 265 U. S., 44 S. Ct. 508, 510): "The defeated party in the hearing before the Commissioner is not asking registration of a trade-mark, but is seeking to prevent the cancellation of trade-marks already registered. * * * It seems clear that the complainant below was a dissatisfied party to an application for the cancellation of the registration of a trade-mark. We think that both the applicant for cancellation and the registrant opposing it are given the right of appeal to the District Court of Appeals under that section [section 9 of the Trade Mark Act; section 89, tit. 15, U. S. C., 15 USCA § 89]. The next inquiry is whether in addition to such appeal and after it proves futile, the applicant is given a remedy by bill in equity as provided for a defeated applicant for a patent in section 4915, R. S. We have in the cases cited [American Steel Foundries v. Robertson, 262 U. S. 209, 43 S. Ct. 541, 67 L. Ed. 953; Baldwin Co. v. Howard Co., 256 U. S. 35, 39, 41 S. Ct. 405, 65 L. Ed. 816; Atkins & Co. v. Moore, 212 U. S. 285, 29 S. Ct. 390, 53 L. Ed. 515] given the closing words of section 9 [of the Trade Mark Act] a liberal construction in the view that Congress intended by them to give every remedy in respect to trade-marks that is afforded in proceedings as to patents, and have held that under them a bill of equity is afforded to a defeated applicant for trade-mark registration just as to a defeated applicant for a patent. It is not an undue expansion of that construction to hold that the final words were intended to furnish a remedy in equity against the Commissioner *in every case in which by section 9 an appeal first lies to the Court of Appeals.* This necessarily would give to one defeated by the Commissioner as a party to an application for the cancellation of the registration of a trade-mark * * * a right to resort to an independent bill in equity against the Commissioner to prevent cancellation. * * * The applicants in section 9 were of four kinds and to each of them were intended to be accorded the same resort to the Court of Appeals and the same remedy in equity as to the applicant for a patent in section 4915." (Italics ours.)

There, as here, it was contended that section 9 of the Trade Mark Act should not be held to authorize the use of a suit in equity for all of the four cases in which appeals

350

were provided to the Court of Appeals (now to the Court of Customs and Patent Appeals) because by section 22 of the Trade Mark Act (section 102, tit. 15, U. S. C., 15 USCA § 102) there was a special provision for remedy in equity where there were interfering registered trade-marks. The court rejected the contention, saying (265 U. S. at page 181, 44 S. Ct. 508, 510): "Section 9 of the Trade-Mark Act is wider than section 22 in its scope. It includes one who applies for registration of an unregistered trade-mark which interferes with one already registered." See, also, Corning Glass Works v. Robertson, 62 App. D. C. 130, 65 F.(2d) 476, certiorari denied 290 U. S. 645, 54 S. Ct. 63, 78 L. Ed. ——.

In the present case appellant was the unsuccessful party in a cancellation proceeding, and elected to proceed under section 4915, R. S., as amended, instead of appealing to the United States Court of Customs and Patent Appeals under section 9 of the Trade Mark Act, as amended (15 USCA § 89).

The Commissioner points out that in the Baldwin Case the adverse party intervened and that in the present case it has not. A bill under section 4915, while a proceeding de novo, "intends a suit according to the ordinary course of equity practice and procedure, ⁘ * * yet the proceeding is, in fact and necessarily, a part of the application for the patent." Gandy v. Marble, 122 U. S. 432, 439, 7 S. Ct. 1290, 1292, 30 L. Ed. 1223; American Steel Foundries v. Robertson, 262 U. S. 209, 213, 43 S. Ct. 541, 67 L. Ed. 953; Lucke v. Coe, 63 App. D. C. 61, 69 F.(2d) 379. Marshall Field & Co., having initiated and prosecuted the cancellation proceeding, is in no position to complain because appellant has filed a bill in equity against the Commissioner, which is necessarily a part of the proceeding in the Patent Office. Under the provisions of section 9 of the Trade Mark Act, as amended, and section 4915, R. S., as amended, appellant in the cancellation proceeding, had it so elected, might have prosecuted an appeal to the United States Court of Customs and Patent Appeals. Marshall Field & Co. would necessarily have been a party to that appeal. The filing of a bill in equity is an alternative remedy and, under the authority of the Baldwin Case, properly may be brought against the Commissioner here.

The decree is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.