**PARKER–KALON CORPORATION v. COE,**
**Commissioner of Patents.**

**No. 6490.**

United States Court of Appeals for the District of Columbia.

Argued Oct. 10, 1935.

Decided Nov. 4, 1935.

Edgar M. Kitchin and Harry C. Robb, both of Washington, D. C., for appellant.

R. F. Whitehead, Sol. U. S. Patent Office, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District dismissing appellant's petition for a writ of mandamus to compel the Commissioner of Patents to comply with the terms of a decree of the Supreme Court of the District in a suit under section 4915, R.S., as amended (35 U.S.C.A. § 63) and issue to appellant, Parker-Kalon Corporation, a certificate of registration for the trade-mark "Self-Tapping" as applied to screws, drive screws, drive pins, screw nails, nails, rivets, and studs.

On September 2, 1931, appellant filed its application in the Patent Office for the registration of the above mark. The Examiner of Trade-marks rejected the application on the grounds that the mark "is merely descriptive of the function or character of the goods; that if not descriptive it is misdescriptive and deceptive." On appeal to the Commissioner the decision of the Examiner was affirmed. Thereafter, on or about June 17, 1932, appellant filed a bill in equity against the Commissioner seeking to authorize him to register the mark. Trial was had, and the court on April 24, 1934, decreed that the mark "Self-Tapping" is not merely descriptive nor misdescriptive, and therefore is registerable. The Commissioner took no appeal from this decree.

Thereupon the Commissioner on September 18, 1934, caused the publication of the application for the trade-mark registration in the Official Gazette of the Patent Office. This action was in supposed compliance with the provisions of section 6 of the Trade Mark Act of 1905, as amended (chapter 592, 33 Stat. 724; chapter 2573, § 2, 34 Stat. 1252; section 86, tit. 15, U.S.C. [15 U.S.C.A. § 86]), reproduced in the margin.[1]

On October 16, 1934, notice of opposition to the registration of the mark was

1 Sec. 6. "On the filing of an application for registration of a trade-mark which complies with the requirements of this act [this subdivision of this chapter], and the payment of the fees herein provided for [in sections 94 and .95 of this chapter], the Commissioner of Patents shall cause an examination thereof to be made; and if on such examination it shall appear that the applicant is entitled to have his trade-mark registered under the provisions of this act [this subdivision of this chapter], the commissioner shall cause the mark to be published at least once in the Official Gazette of the Patent Office. Any person who believes he would be damaged by the registration of a mark may oppose the same by filing notice of opposition, stating the grounds therefor, in the Patent Office within thirty days after the publication of the mark sought to be registered."

filed in the Patent Office by the Illinois Tool Works; the ground of the opposition being "that the words 'Self-Tapping,' when applied to either your opposer's or applicant's product, are purely descriptive, are ordinary words of the English language describing said product, and, therefore, cannot be legally monopolized by anyone, and is not properly subject to registration as a trade mark."

Motion to dismiss the opposition was denied by the Examiner of Interferences and, on appeal, by the Commissioner; and at the same time the Examiner granted the opposer's motion to suspend pending the outcome of an equity suit in the United States District Court for the District of Delaware (between appellant and the Shakeproof Lock Washer Company, predecessor of the opposer corporation, Illinois Tool Works) involving the mark "Self-Tapping" sought by appellant.

Thereafter, on January 16, 1935, appellant filed its petition for a writ of mandamus, with the result already noted.

█ It is settled law that the extraordinary writ of mandamus will not issue where there is remedy by appeal. Stratton v. St. Louis S. W. R. Co., 282 U.S. 10, 16, 51 S.Ct. 8, 75 L.Ed. 135; United States ex rel. Searl v. Robertson, 57 App.D.C. 179, 18 F.(2d) 829.

Section 9 of the Trade Mark Act of 1905, as amended (Act of February 20, 1905, c. 592, 33 Stat. 724; Act of March 2, 1929, § 2 (b), c. 488, 45 Stat. 1475; section 89, tit. 15, U.S.C. [15 U.S.C.A. § 89]), provides as follows: "If an applicant for registration of a trade mark, or a party to an interference as to a trade mark, or a party who has filed opposition to the registration of a trade mark, or party to an application for the cancellation of the registration of a trade mark, is dissatisfied with the decision of the Commissioner of Patents, he may appeal to the United States Court of Customs and Patent Appeals, on complying with the conditions required in case of an appeal from the decision of the commissioner by an applicant for patent, or a party to an interference as to an invention, and the same rules of practice and procedure shall govern in every stage of such proceedings, as far as the same may be applicable."

It was pointed out in United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 179, 44 S.Ct. 508, 510, 68 L.Ed. 962, that section 9 provides for appeals to the District Court of Appeals (now to the United States Court of Customs and Patent Appeals by the Act of March 2, 1929, c. 488, 45 Stat. 1475) not only for (1) a defeated applicant for registration of a trade-mark, but also for (2) a dissatisfied party to an interference as to a trade-mark, (3) a dissatisfied party who has filed opposition to the registration of a trade-mark, and (4) a dissatisfied party to an application for the cancellation of the registration of a trade-mark. "The next inquiry," said the court, "is whether in addition to such appeal *and after it proves futile,* the applicant is given a remedy by bill in equity as provided for a defeated applicant for a patent in section 4915, R.S." The court ruled that the final words of section 9 "were intended to furnish a remedy in equity against the Commissioner *in every case in which by Sec. 9 an appeal first lies to the Court of Appeals.*" (Italics ours.)

██ It is apparent, we think, that resort in this case to the court of equity under section 4915, R.S., as amended (section 63, tit. 35, U.S.C. [35 U.S.C.A. § 63]) was premature. Under the express provisions of section 9 an appeal from the decision of the Commissioner of Patents lies to the United States Court of Customs and Patent Appeals. After an unsuccessful appeal to the advisory supervision of that court, a defeated applicant for registration of a trade-mark may resort to an independent bill in equity against the Commissioner. See Baldwin Co. Case, 265 U.S. 168, at page 180, 44 S.Ct. 508, 68 L.Ed. 962. Alexandrine v. Coe, 63 App.D.C. 227, 71 F.(2d) 348, is not inconsistent with these views, for there were involved in that case two registered trade-marks, and we held that the defeated party might proceed under section 9 or under section 22 (15 U.S.C.A. § 102), which is applicable only where there are interfering registered trade-marks.

Judgment affirmed.

Affirmed.