## PROCTER & GAMBLE CO. v. J. L. PRESCOTT CO.

### No. 4307.

District Court, D. New Jersey.

Feb. 12, 1936.

Cooper, Kerr & Dunham and Drury W. Cooper, all of New York City, Allen & Allen, Marston Allen, Erastus S. Allen, and Frank F. Dinsmore, all of Cincinnati, Ohio, and Thomas G. Haight, of Jersey City, N. J., for plaintiff.

Charles P. Hutchinson, of Trenton, N. J., Joshua R. H. Potts and Basel H. Brune, both of Philadelphia, Pa., and Eugene Vincent Clarke, of Chicago, Ill., for defendant.

AVIS, District Judge.

This action was originally instituted by plaintiff upon an allegation that defendant, in the manufacture and distribution of a cleaning product under the mark "Oxol," infringed plaintiff's product "Oxydol," having similar properties and uses.

Defendant, answering, denied the infringement; asserted its right to market "Oxol"; and counterclaimed, alleging that plaintiff had violated the rights of the defendant in manufacturing a soap product called "Chipso" in view of defendant's trade-mark "Chase-O," under which it marketed a product having similar qualities and uses.

In the main case the testimony has been heard and argument had, but decision has not yet been rendered.

In the meantime, and while the principal issues were pending, the defendant-counterclaimant filed a petition in the Patent Office at Washington, D. C., praying for the cancellation of the trade-mark "Chipso" which had been theretofore registered by the plaintiff, and proceeded to hearings thereon before the examiners and the Commissioner of Patents. While that matter was in progress of being heard, counsel for defendant-counterclaimant amended its counterclaim by setting up the proceedings being had in the Patent Office, and practically adding a new cause of action. The prayer of this amendment was as follows: "That the Court order the Certificate of Registration of the Plaintiff for the word 'Chipso,' No. 141,205, to be delivered up to the Commissioner of Patents for cancellation." The amendment was entered on November 20, 1931.

On May 12, 1933, another amendment to the counterclaim was proposed, and, by order of this court, allowed, setting forth the decision of the acting examiner of trade-mark interferences of the Patent Office with respect to the validity of the trade-mark "Chipso."

Later, on August 4, 1933, counsel for defendant-counterclaimant again moved to amend by inserting in the counterclaim, and in support of the prayer for cancellation of the trade-mark "Chipso," the decision of the First Assistant Commissioner of Patents upon an appeal taken from the decision of the acting examiner of trade-mark interferences.

This motion was granted, and an order entered on February 7, 1934, allowing the amendment nunc pro tunc as of September 18, 1933.

The decisions of the examiner, the acting examiner of trade-mark interferences, and the commissioner all were favorable to the contentions of the defendant-counterclaimant, and recommended the cancellation of the trade-mark "Chipso," registration No. 141,205.

From this decision of the Commissioner of Patents the plaintiff appealed to the United States Court of Customs and Patent Appeals, and that court, on May 27, 1935, rendered a decision [77 F.(2d) 98, 104], holding that the plaintiff in the instant case was not entitled to the use of the mark "Chipso," and affirming the decision of the commissioner. On June 12, 1935, the order affirming was duly entered.

■ Counsel for defendant-counterclaimant now moves to amend by setting up this decision of the United States Court of Customs and Patent Appeals, and claims that because of the various facts and matters set up in this and the previous amendments, the cause of action set forth in defendant-counterclaimant's "Amendment to Counterclaim," filed November 19, 1931 (apparently should be November 20, 1931), has now become res adjudicata.

In conjunction with, and in support of, the motion to amend, and the request of a finding of res adjudicata, counsel offers in evidence all of the record, of petitions, testimony, and other proceedings presented to and considered by the examiners and commissioner, and the United States Court of Customs and Patent Appeals.

I am satisfied that the amendment should be allowed, and that the evidence should be received, and I hold that the order of the United States Court of Customs and Patent Appeals is res judicata.

■ However, I do not believe that the effect of such amendment and evidence is to justify this court in entering a decree in favor of counterclaimant ordering a cancellation of the trade-mark. On the other hand, I am satisfied that the result bars the counterclaimant from any recovery in this court on that portion of the counterclaim contained in the various amendments of counterclaimant.

Under the provisions of the various statutes, an appeal might have been taken to the Court of Customs and Patent Appeals, or a bill in equity might have been filed in a court having cognizance thereof, to review the decision of the commissioner. Both remedies were attempted in this case, and the proceedings in this court were in progress at the same time that the case was before the Court of Customs and Patent Appeals; the actions were concurrent, and this is proper. This principle is maintained by counsel for counterclaimant in his brief, and I agree. The cases cited in his brief are conclusive. See Corning Glass Works v. Robertson, Commissioner of Patents, 62 App.D.C. 130, 65 F.(2d) 476; Stanton et al. v. Embrey, Adm'r, 93 U.S. 548, 554, 23 L.Ed. 983.

In the case of Kline v. Burke Construction Company, 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, the court said: "Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case."

In the opinion of the court in the case of United States v. California Bridge & Construction Company, 245 U.S. 337, on page 341, 38 S.Ct. 91, 93, 62 L.Ed. 332, the court said: "The doctrine of estoppel by judgment, or res judicata, as a practical matter, proceeds upon the principle that one person shall not a second time litigate, with the same person or with another so identified in interest with such person that he represents the same legal right, precisely the same question, particular controversy, or issue which has been necessarily tried and finally determined, upon its merits, by a court of competent jurisdiction,

in a judgment in personam in a former suit. Hopkins v. Lee, 6 Wheat. 109, 113, 5 L.Ed. 218; Washington, Alexandria & Georgetown Packet Co. v. Sickles, 24 How. 333, 16 L.Ed. 650; Id., 5 Wall. 580, 18 L.Ed. 550; Lovejoy v. Murray, 3 Wall. 1, 18, 18 L.Ed. 129; Litchfield v. Goodnow, 123 U.S. 549, 8 S.Ct. 210, 31 L.Ed. 199; Southern Pacific R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355; Fayerweather v. Ritch, 195 U.S. 276, 25 S.Ct. 58, 49 L.Ed. 193; Bigelow v. Old Dominion Copper Mining Co., 225 U.S. 111, 127, 32 S.Ct. 641, 56 L.Ed. 1009, Ann.Cas.1913E, 875; Bigelow on Estoppel, c. 3."

In the case of Grubb v. Public Utilities Commission of Ohio, 281 U.S. 470,. on page 476, 50 S.Ct. 374, 377, 74 L.Ed. 972, this question is again dealt with, and the court said:

"It next is said that the suit in the federal court was begun before resort was had to the state court, and therefore that the jurisdiction of the federal court was exclusive and precluded action in the state court. In this the appellant is invoking a rule which is applicable to suits dealing with specific property and involving actual or potential control over the same, where necessarily the court (whether federal or state) first obtaining jurisdiction of the res must hold it to the exclusion of another. Here the litigation was not of that class, but was of such a nature that it could proceed in both courts, in virtue of their concurrent jurisdiction, *until there was a final judgment in one,* Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077, when that judgment would become conclusive in the other as res judicata. Chicago, Rock Island & Pacific Ry. Co. v. Schendel, 270 U.S. 611, 616, 46 S.Ct. 420, 70 L.Ed. 757, 53 A.L.R. 1265; Mutual L. Insurance Co. v. Harris, 97 U.S. 331, 336, 24 L.Ed. 959." (Italics mine.)

The case of Chicago, Rock Island & Pacific Railway Company v. Schendel, Adm'r, 270 U.S. 611, on pages 616, 617, 46 S.Ct. 420, 422, 70 L.Ed. 757, 53 A.L.R. 1265, is an illustration of the fact that a party plaintiff may pursue his remedy in different forums, but, being successful in one, he cannot then attempt to ask another court for the same relief which he has already obtained. In that case the Supreme Court held that each of the lower courts had equal and concurrent authority to hear the case, but said: "And, upon familiar principles, irrespective of which action or proceeding was first brought, it is the first final judgment rendered in one of the courts which becomes conclusive *in* the other as res judicata." (Italics mine.)

See, also, Hart Steel Company v. Railroad Supply Company, 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148.

Undoubtedly the Court of Customs and Patent Appeals had concurrent jurisdiction on the issue raised, and its decisions are entitled to be given the same force and effect as a circuit court of appeals. Its jurisdiction in trade-mark cases is conferred by Congress in the statute approved March 2, 1929, 45 Stat., c. 488, page 1476 (see 28 U.S.C.A. § 309a (a) ): "Sec. 2 (a) The jurisdiction now vested in the Court of Appeals of the District of Columbia in respect of appeals from the Patent Office in patent and trade-mark cases is vested in the United States Court of Customs and Patent Appeals."

After a careful consideration of the facts and law, I feel that it is my duty to deny relief as to all that part of the counterclaim relating to cancellation of the trade-mark "Chipso." Counsel may agree upon an order, or terms thereof will be settled on notice.