**J. C. ENO (U. S.) Limited v. COE, Commissioner of Patents.**

**No. 7263.**

United States Court of Appeals for the District of Columbia.

Decided June 30, 1939.

Frederic D. McKenney, John S. Flannery, G. Bowdoin Craighill, and Caesar L. Aiello, all of Washington, D. C., for appellant.

R. F. Whitehead, United States Patent Office, of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Edward J. Deshayes applied to the Patent Office for registration of the trademark ENO, for use on a composition intended for cleaning silver, glass, etc. Appellant, which owned and used the same registered mark on an effervescent fruit salt for medicinal use, filed an opposition. The Patent Office dismissed appellant's opposition and granted the application of Deshayes, on the ground that appellant's goods and those of Deshayes were not of the "same descriptive properties." U. S. C., tit. 15, § 85, 15 U.S.C.A. § 85. Appellant then filed a bill in the District Court, ostensibly under R.S. § 4915 (U.S.C. tit. 35, § 63, 35 U.S.C.A. § 63), against Deshayes and the Commissioner of Patents, to require the Commissioner to cancel the Deshayes registration. As Deshayes was a resident of Massachusetts, the bill was dismissed as to him. Appellant filed a supplemental bill, and the case proceeded against the Commissioner as sole defendant. The District Court, after a hearing on the merits, ruled that the goods concerned were not of the same descriptive properties, and on that ground dismissed the bill.

■ In our opinion the bill should have been dismissed because of the absence of an indispensable party.

In Coe v. Hobart Mfg. Company, 70 App.D.C. 2, 102 F.2d 270, 271, we held that the Commissioner of Patents was not an "adverse" party to a suit brought under section 4915, by an applicant for a patent who had been defeated by a rival claimant in Patent Office interference proceedings, within the meaning of the statute which permits suit in the District of Columbia against "adverse parties residing in a plurality of districts." We ruled in that case that the bill should be dismissed not only as to the non-resident patentee, but also as to the Commissioner. We thereby held that when the Commissioner, over A's opposition, has issued a patent to B, A cannot maintain against the Commissioner alone a bill to reverse his decision. We did not discuss, or even express in terms, this proposition, because it seemed self-evident. We still think it evident that the validity of a patent or trademark cannot be litigated, as appellant seeks to do here, in a suit to which its owner is not a party. The party who was successful in the Patent Office interference or opposition proceedings, and has obtained or retained the disputed patent or trademark, is an indispensable party to a suit which seeks to cancel it. This is an elementary and obvious matter of due process. Moreover, section 4915 permits suit against the Commissioner only "where there is no opposing party."

■ In United States ex rel. Baldwin Company v. Robertson et al., 265 U.S. 168, 44 S.Ct. 508, 68 L.Ed. 962, there are dicta to the effect that various parties, including "a dissatisfied party who has filed opposition to the registration of a trade-mark," are entitled by section 4915 to "a remedy in equity against the Commissioner." 265 U.S. at page 179, 180, 44 S.Ct. at page 510, 68 L.Ed. 962. But neither the question whether the dissatisfied opposer could sue the Commissioner, nor the further question whether he could do so without joining as a defendant the owner of the trademark, was before the Court, and it does not appear that the Court gave distinct consideration to either question. The question before the Court was a wholly different one, namely, "whether * * * a remedy by bill in equity to enjoin the Commissioner of Patents from canceling a registered trade-mark is given to the owner of the trade-mark so registered." 265 U.S. at page 177, 178, 44 S.Ct. at page 509, 68 L. Ed. 962. The claimant at whose instance the Patent Office was canceling the plaintiff's mark had intervened, and was a party defendant, in the equity suit. The dicta in the case, while they distinctly state that the Commissioner can be sued by the unsuccessful opposer of a registration, do not distinctly state that he can be sued alone. Even if they did, and were therefore squarely in point here, those dicta would be a weak basis for appellant's attempt to deprive Deshayes of his property in a suit to which he is not a party. For the Supreme Court has held that "a general expression respecting a particular as to which no question was raised * * * ought not to control the judgment in a subsequent suit when the very point is presented for decision."[1]

In Alexandrine v. Coe, 63 App.D.C. 227, 71 F.2d 348, this court decided that when the Patent Office, in proceedings brought by

---

[1] Pacific Steamship Co. v. Peterson, 278 U.S. 130, 136, 49 S.Ct. 75, 77, 73 L.Ed. 220. Cf. Pennzoil Co. v. Hercules Powder Co., Cust. & Pat.App., 95 F.2d 339, 342.

A, has decided to cancel B's trademark, B may, without joining A as a defendant, sue the Commissioner under section 4915 to enjoin the cancelation. We need not now consider whether that was properly a case "where there is no opposing party" within the meaning of section 4915, for the present case differs fundamentally from the Alexandrine case. There the plaintiff asked only that the court prevent the cancelation of the plaintiff's trademark. Here the plaintiff asks the court to require the cancelation of Deshayes's mark, and due process therefore requires that Deshayes be made a party.[2]

The case should be remanded to the District Court with instructions to enter a decree in accordance with this opinion, and it is so ordered.

---

[2] The Alexandrine case may be distinguished, also, on the ground that it is harder to classify as an "applicant" for a patent, under section 4915, one who asks only the cancelation of another's trademark than one who seeks to prevent the cancelation of his own trademark. Cf. Heidbrink v. McKesson, 6 Cir., 53 F.2d 321; MacGregor v. Chesterfield, D.C., 31 F.2d 791; Farmer v. Schweyer, Cust. & Pat.App., 58 F.2d 1056; Wettlaufer v. Robins, 2 Cir., 92 F.2d 573, 576, certiorari denied, 302 U.S. 766, 58 S.Ct. 477, 82 L.Ed. 594; Pennzoil Co. v. Hercules Powder Co., Cust. & Pat.App., 95 F.2d 339, 342. Section 4915 gives a remedy "to a defeated applicant for trade-mark registration just as to a defeated applicant for a patent." United States ex rel. Baldwin Co. v. Robertson, supra, 265 U. S. at page 180, 44 S.Ct. at page 510, 68 L.Ed. 962.