**THORNE, NEALE & CO., Inc., v. COE, Commissioner of Patents, et al.**

**No. 19740.**

District Court of the United States for the District of Columbia.

June 25, 1943.

Donald S. Caruthers and E. W. Mollohan, Jr., both of Washington, D. C., for plaintiff.

A. W. Murray, of Chicago, Ill., and Eugene E. Stevens, of Washington, D. C., for defendants.

EICHER, Chief Justice.

In the hearing on the motion to dismiss, there were two questions raised: (1) Has the court jurisdiction over defendant Carney by reason of an alleged general appearance; and (2) Is the Commissioner an adverse party within the meaning of section 72a of Title 35, U.S. C.A.?

Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading *or motion.*" (emphasis supplied).

The question of general and special appearances was discussed during the Cleveland Proceedings of the Institute on Federal Rules and Dean Clark, at page 245, said: "I should think in some of those cases you might waive your objection by the joinder, or at least the point is arguable."

It should be pointed out, however, that in a footnote on the same page, Dean Clark reversed his decision on this point, saying: "In view of the express language of Rule 12(b), third sentence, upon reflection, I am of the opinion that there is no waiver."

After a lengthy discussion of Rule 12 (b), it is stated in 1 Moore's Federal Practice 649: "Special appearances are no longer necessary *in any case.*" (italics supplied). "A party who proceeds in accordance with Rule 12 can raise any and all defenses without waiver."

In support of this conclusion, it is stated at page 627: "If the defendant so desires he may present *every* defense or objection that he has *in his answer* without waiving any rights. Thus objections that the court has not secured jurisdiction over the defendant, or that the venue is improper, defenses which quite commonly have to be made by special appearance, may be pleaded in the answer together with such other defenses as a failure on the part of the plaintiff to state a cause of action, * * *. The defendant waives nothing by so doing."

Rule 12(g), in my opinion, is designed to encourage the consolidation of motions and to discourage the dilatory device of making them in series and no waiver results from failure to exercise the option therein conferred. It appears also from Rule 12(h) that waiver of any particular defense results only from affirmative failure to present it. Smith v. Belmore, D.C. Wash., 1 F.R.D. 633, is not persuasive to the contrary.

It would appear, therefore, that by joining with the defenses enumerated (1) to (5) of Rule 12(b) with the defense of failure to state a claim upon which relief can be granted, defendant Carney has not waived any of his rights and, consequently, the court has no jurisdiction over his person.

We come now to the question of whether, in the absence of defendant Carney, the Commissioner is an adverse party

within the meaning of the statute. A careful search of authorities leads to the conclusion that the question must be answered in the negative.

In United States ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, at page 179 (cited with approval in Alexandrine v. Coe, 44 S.Ct. 508, at page 510, 68 L.Ed. 962, 63 App. D.C. 227, 71 F.2d 348) it was held: "We have in the cases cited given the closing words of section 9 [of the Trade Mark Act, 15 U.S.C.A. § 89] a liberal construction in the view that Congress intended by them to give every remedy in respect to trade-marks that is afforded in proceedings as to patents, * * *. The applicants in section 9 were of four kinds and to each of them were intended to be accorded the same resort to the Court of Appeals and the same remedy in equity as to the applicant for a patent in Section 4915 [35 U.S.C.A. § 63]."

In Coe v. Hobart, 70 App. D.C. 2, 102 F.2d 270, 271, the court said: "It is contended that the Commissioner, if not a necessary party, is at least a proper and therefore an adverse party. But even if he were a proper party to a suit to review his award of priority, we think he would not be 'adverse' within the meaning of the statute. The Commissioner has not the slightest interest adverse to plaintiff; whether plaintiff or defendant gets a patent, the Commissioner neither gains nor loses. 'To hold that the plaintiff by making a mere formal party a codefendant can compel the real defendant, the real party in interest, to come from any part of the United States and defend his rights in the District of Columbia would conflict with the general purpose of Congress as appears from the fact that ordinarily suits in the federal courts must be brought in the district in which the defendant resides.' "

J. C. Eno, U.S., Ltd., v. Coe, 70 App. D.C. 337, 106 F.2d 858, was a suit to require the Commissioner to cancel a registration of a trade-mark. The bill was dismissed as to defendant Deshayes (a resident of Massachusetts) on the ground of residence and the case proceeded upon a supplemental bill against the Commissioner as sole defendant. In remanding the case for dismissal because of the absence of an indispensable party, the court reaffirmed its holdings in the Hobart and Alexandrine cases, supra.

Counsel for plaintiff contends that the ruling in Tomlinson of High Point v. Coe, 74 App.D.C. 364, 123 F.2d 65, overrules the Hobart case, supra. In the Tomlinson case a suit was filed to require the Commissioner to register a trade-mark and only the Commissioner was named as a defendant, although the opposer of the request for registration was named in the body of the complaint. Mr. Justice Miller, speaking for the court, contrary to overruling the Hobart case, specifically distinguishes the facts in the Tomlinson case from those in the Hobart and Eno cases. The Hobart case is also cited with approval in Robinson v. Wayne, App.D.C., 136 F. 2d 767, decided May 29, 1943.

Since the court does not have jurisdiction over defendant Carney, it would appear that this brings the present case squarely in line with the Eno case, supra. Grounds 2 and 3, therefore, are sustained and the motion to dismiss is granted. Appropriate order may be submitted.