# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

## Virginia Baking Co. v. Southern Biscuit Works.

### March 10, 1910.

### Rehearing denied June 9, 1910.

### Absent, Buchanan, J.

1. TRADE MARKS—*Biscuit Goods—Same Name on Different Classes of Goods—Manufacturers of Different Names.*—Although a corporation having a distinctive name and using certain general trade marks has acquired the exclusive right to use the word "Crown" on its soda cracker goods, and the word "Jamestown" on certain cakes of its manufacture known as 'drops," it is no invasion of its trade marks for another corporation of a wholly different name, and using an entirely different trade mark, to use the word "Crown" as a grade symbol on "ginger snaps" of its manufacture, and the word "Jamestown" on cakes of its manufacture known as "jumbles"; a "jumble" being four or five times as large, and an essentially different cake from a "drop" and having a hole in the center as large as the "drop" itself, and the several kinds of cakes being recognized in the trade as distinctive classes of goods. The words "Crown" and "Jamestown" are merely fanciful words and, standing alone, do not indicate "origin or manufacture," though in association with other words they have that effect, and a trade mark may be claimed for the combination, and the right to their use as a trade mark is coextensive only with their use.

2. TRADE MARKS—*Similiarity—Injunction.*—A defendant will not be enjoined from using certain trade marks on account of their similarity to those used by the plaintiff, when they are not so similar in appearance or in connection of the words, as to deceive a person of ordinary intelligence, using ordinary care.

Appeal from a decree of the Chancery Court of the city of Richmond. Decree for the complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Meredith & Cocke*, for the appellant.

*A. W. Patterson*, for the appellee.

WHITTLE, J., delivered the opinion of the court.

This suit in equity was brought by the appellee, the Southern Biscuit Works, to injoin the appellant, the Virginia Baking Company, from the alleged infringement of certain trade-marks, the property of the plaintiff, and also to compel an accounting by the defendant for profits and damages charged to have accrued from such infringement.

The litigants are rival corporations located in the city of Richmond and engaged in the manufacture of biscuit products, such as cakes, crackers, snaps, jumbles and like goods.

The *gravamen* of the bill is that the defendant has been guilty, not of unfair business competition, but that it has infringed upon the rights of the plaintiff in and to the use of two words, namely, "Crown" and "Jamestown." These words, it is claimed, had been adopted and appropriated by the plaintiff as common law trade-marks, and continuously applied "to distinguish and identify its biscuits in certain styles and varieties," and that it has the exclusive right to use them "for the purpose of distinguishing and identifying its said biscuit products." The bill admits that the plaintiff has hitherto only used its "Crown" trade-mark in connection with soda crackers, and the "Jamestown" brand with small cakes, known as "drops"; but the insistence is that the plaintiff's right to the employment of these words is exclusive, and that the defendant may not lawfully use either of them on any kind of cracker or cake whatsoever.

The answer controverts the proposition that the words "Crown" and "Jamestown" were adopted for the purpose of

indicating "origin, manufacture or ownership" of the goods to which they were applied, or for general use; but insists that they were placed upon certain specific articles to denote "class, grade, style or quality," and, therefore, could not be upheld as technically trade-marks. It concedes the use by it of the word "Crown" in connection with cakes known as "ginger snaps," and "Jamestown" with cakes called "jumbles," but denies that the trade has been deceived, or that any purchaser, either wholesale or retail, could have been misled by such use of these words.

Confining our consideration to the precise issue presented by the pleadings, we are of opinion that the fair result of the evidence shows that the respective businesses of these litigants are conducted under distinct and wholly dissimilar corporate names and general trade-marks, the plaintiff doing business as the Southern Biscuit Works, under a trade-mark consisting of a sheaf of wheat printed on a label in red, white, black and light blue; that in addition to this, as subsidiary word symbols, the plaintiff has acquired the exclusive right to use the word "Crown" in connection with its soda cracker style of goods, and "Jamestown" with a certain kind of cake known as "drops"; that the defendant is operating under the corporate name of the Virginia Baking Company, and using a trade-mark consisting of the obverse of the great seal of the Commonwealth of Virginia on a red, white and blue label. It likewise employs the word "Crown" as a grade-symbol in connection with a small variety of cakes known as "ginger snaps," and the word "Jamestown" with cakes called "jumbles." A "jumble" is four or five times as large, and is essentially a different cake from a "drop," having a hole in the center as large as the "drop" itself. These several kinds of cakes are recognized in the trade as distinctive classes of goods. The words "Crown" and "Jamestown" are mere fanciful words and, standing alone, do not indicate "origin and manufacture"; nevertheless, in association with

other words they have that effect and entitle the plaintiff to claim a trade-mark for the combination. *Manufacturing Co.* v. *Trainer*, 101 U. S. 51, 25 L. Ed. 993; *Corbin* v. *Gould*, 133 U. S. 308, 33 L. Ed. 611, 10 Sup. Ct. 312.

Conceding then the right of the plaintiff to the exclusive use of these words in the connection in which they occur and to the extent to which they have been appropriated and applied as against the defendant, the right is coextensive only *with such use.* If there be any foundation for the claim that it was the intention of the plaintiff to apply these trade-marks to other products, it was an undisclosed purpose resting exclusively in the mind of the plaintiff, and could not affect the rights of the defendant who cannot be expected to anticipate that the plaintiff might in the future conclude to manufacture and place on the market a "Crown" ginger snap, or a "Jamestown" jumble. The record affords no proof of misrepresentation or unfair dealing on the part of the defendant, and the direct testimony adduced to show that the public has been misled by the alleged infringement of the plaintiff's trade-marks in the particulars complained of is extremely meagre and inconclusive. Indeed, we think it is apparent that none save the careless and inattentive could reasonably have been misled by the acts complained of.

The doctrine in controversies of this sort is stated in *International Trust Company* v. *International Loan & Trust Company*, 153 Mass. 271, 278, 26 N. E. 693, 695, 10 L. R. A. 758, as follows: "It is not sufficient that some person might possibly be misled, but the similarity must be such that 'any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would mistake one for the other.' "

In *White* v. *Trowbridge*, 216 Pa. 11, 64 Atl. 862, the court held: "The defendant will not be injoined from using certain trade-marks or labels, when they are not so similar to the ones used by the plaintiff, in appearance or in connection

of the words, as to deceive a person of ordinary intelligence, using ordinary care."

In *Wrisley* v. *Iowa Soap Co.*, (C. C. A.) 122 Fed. 796, the court said: "But he is not required to so distinguish his articles that careless and indifferent buyers will know by whom they are made or sold. His competitor has no better right to the monopoly of the trade of the negligent and indifferent than he has."

The rule is stated with equal emphasis by the Supreme Court of the United States in *Coats* v. *Merrick Thread Co.*, 149 U. S. 562, 573, 37 L. Ed. 847, 13 Sup. Ct. 966, 970, Mr. Justice Brown, in delivering the unanimous opinion of the court in that case, observes: "There is no doubt a general resemblance between the heads of all spools containing a black and gold label, which might induce a careless purchaser to accept one for the other. Defendants, however, were not bound to any such degree of care as would prevent this. . . . In short they could do little more than place their own name conspicuously upon the label, to rearrange the number by placing it in the border instead of the center of the label, and to omit loops of the plaintiffs' periphery and substitute their own star between the numerals. Having done this, we think they are relieved from further responsibility."

These decisions sufficiently illustrate the controlling principle in the present case, and, as applied to the evidence, are conclusive against the protensions of the appellee.

The decree of the chancery court must, therefore, be reversed, the injunction dissolved, and the bill dismissed.

*Reversed.*