### JOHN SEXTON & CO. v. SCHOENHOFEN CO. (two cases).

(Court of Appeals of District of Columbia. Submitted March 15, 1921. Decided April 4, 1921.)

Nos. 1390, 1391.

1. **Trade-marks and trade-names** ⊂=61—Grape juice and root beer or ginger ale are not goods of same descriptive properties.

Grape juice, a fruit beverage, and ginger ale or root beer, cereal beverages, are not goods of the same descriptive properties, so that the owner of a trade-mark for grape juice cannot prevent its registration for root beer or ginger ale.

2. **Trade-marks and trade-names** ⊂=61—Use of root beer compound does not establish prior use of beverage.

The use of trade-marks on a compound from which the beverage of root beer can be made does not establish prior use of the trade-mark on the beverage.

3. **Trade-marks and trade-names** ⊂=61—User of trade-mark on beer can extend it to root beer and ginger ale.

The user of a trade-mark for beer can extend his trade-mark to root beer and ginger ale, or other cereal beverages, which fall within the natural expansion of its business, especially since the Eighteenth Amendment has compelled transition from the production and sale of alcoholic beverages to nonalcoholic beverages, which calls for liberal protection of rights affected by this enforced change.

Appeals from the Commissioner of Patents.

Applications by the Schoenhofen Company for the registration of the word "Edelweiss" as a trade-mark for root beer, and for the registration of the same word as a trade-mark for ginger ale, opposed in each case by John Sexton & Co. From decisions allowing the registration, the opposer appeals. Affirmed.

Walter F. Murray, of Cincinnati, Ohio, for appellant.
William O. Belt, of Chicago, Ill., for appellee.

VAN ORSDEL, Associate Justice. These are trade-mark oppositions, in which appellant Sexton & Co., in case No. 1390, opposes the registration of the word "Edelweiss" as a trade-mark for root beer, and, in case No. 1391, the registration of the same word as a trade-mark for ginger ale.

[1] It appears that appellant company has never used the mark on ginger ale, and the only use has been on a compound from which root beer is made. It has never used the mark on root beer as a beverage. Its position, therefore, is confined to its use of the mark on grape juice. In the case of Schoenhofen Brewing Co. v. John Sexton & Co., 41 App. D. C. 510, we held that grape juice and beer were not goods of the same descriptive properties. This distinction is not alone based upon the theory that one is an alcoholic and the other a nonalcoholic beverage, but that one is a cereal and the other a fruit beverage. The same distinction applies in the present case, and is determinative of the issue before us.

[2, 3] The alleged trade-mark use by appellant of "Edelweiss" on a root beer compound cannot be used as a basis for establishing prior use on the beverage. Besides, the prior use by appellee of the mark on beer would protect it in the extension of its use to other cereal beverages, which would fall within the natural expansion of its business. The Eighteenth Amendment to the Constitution and the laws for its enforcement, relating to the subject of prohibition, have compelled transition from the production and sale of alcoholic beverages to nonalcoholic beverages, which calls for liberal protection of trade-mark rights affected by this enforced change.

The decisions are affirmed.

Affirmed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in place of Mr. Justice ROBB in the hearing and determination of this appeal.