### BERGHOFF BREWING ASS'N v. POPEL–GILLER CO., Inc.

(Court of Appeals of District of Columbia. Submitted March 16, 1921. Decided April 4, 1921.)

No. 1402.

1. **Trade-marks and trade-names ⟶26—Use of abbreviation by customers is not adoption of trade-mark.**

The use of the word "Burg," as an abbreviation for the word "Burgmeister," in conversation, or in written orders for goods, by the customers of the owner of the trade-mark "Burgmeister," without proof that the owner of the trade-mark ever applied the abbreviation to its goods, does not establish the adoption of the abbreviation as a trade-mark.

2. **Trade-marks and trade-names ⟶61—Use of trade-mark in extension of business applies only to goods of same descriptive properties.**

The rule relating to the use of trade-marks in the natural development of business applies only to the use of the same mark on goods of the same descriptive properties.

3. **Trade-marks and trade-names ⟶61—Right to extend use applies only to particular mark.**

The right to extend the use of a trade-mark in the natural extension of the owner's business applies only to the extension of the particular mark, and not to a similar mark, so that the use of the trade-mark "Burg" on nonalcoholic beverages would not come within the rule as an extension of the trade-mark "Burgmeister" used on beer.

**4. Trade-marks and trade-names** ☞59(5)—**"Bergo" not infringement of "Burg Brau."**

The use of the trade-mark "Bergo" on nonalcoholic cereal beverages would not cause confusion with the use of the trade-mark "Burg Brau" on lager beer, or its extension to nonalcoholic cereal beverages.

Appeal from the Commissioner of Patents.

Trade-mark interference proceeding between the Berghoff Brewing Association and the Popel-Giller Company, Incorporated, which had applied for registration of similar trade-marks for goods of the same descriptive properties. From a decision allowing the registration by the Popel-Giller Company, Incorporated, the Berghoff Brewing Association appeals. Reversed.

H. J. Jacobi, of Washington, D. C., and James L. Steuart and S. R. Perry, both of New York City, for appellant.

Arthur E. Wallace, of Chicago, Ill., for appellee.

VAN ORSDEL, Associate Justice. This is a trade-mark interference, in which the appellant, Berghoff Brewing Association, applied to register the word "Bergo" as a trade-mark "for a nonalcoholic, maltless, cereal beverage, sold as a soft drink." Appellee, Popel-Giller Company, Incorporated, applied to register the word "Burg" as a trademark for a "nonintoxicating, nonalcoholic, cereal, maltless beverage sold as a soft drink." It is conceded, as, indeed, it must be, that the goods are of the same descriptive properties, and that the marks are deceptively similar. Appellant adopted and used the mark "Bergo" in 1917, while appellee did not show use of its mark "Burg" prior to 1918.

[1] At this point, the controversy could be easily disposed of in appellant's favor; but it appears that in 1916 appellee company was using the word "Burgmeister" as the dominating feature of a mark for beer. It appears that customers occasionally ordered "Burgmeister" beer by the abbreviated name of "Burg." It is therefore urged that appellee company has established a prior use of the word "Burg," and should be accorded registration. On this point the Examiner of Interferences turned the case in favor of appellee company.

We are not impressed by this contention. The mere use of "Burg," as an abbreviation for the word "Burgmeister," in conversation, or in written orders for goods, is not sufficient to establish a trade-mark use.

"It is settled law in this court that a trade-mark is not acquired by the invention or discovery of a word or symbol, or by advertisement. It only becomes a trade-mark by attaching or affixing it to certain articles of merchandise." Consumers' Co. v. Hydrox Chemical Co., 40 App. D. C. 284.

There is no proof that appellee ever attached the word to goods of the kind for which it is sought to register it as a trade-mark prior to 1918. Its adoption, if adopted at all, was by its customers, not as a mark to designate the goods, but as a name to designate goods bearing the mark "Burgmeister." This did not, therefore, constitute a trademark use. Coca-Cola Co. v. Branham (D. C.) 216 Fed. 264.

[2] There is no room for the assumption of confusion between the

marks "Bergo" and "Burgmeister." There is testimony however, by witnesses for appellee, that since 1907 it has used the trade-mark "Burg Brau" on lager beer. It is accordingly insisted that it may now claim "Burg" as a logical extension of the use of the original mark to nonalcoholic cereal beverages. The rule relating to the use of marks in the natural development of business extends only to the use of the same mark on goods of the same descriptive properties. In the case of In re Independent Breweries Co., 39 App. D. C. 118, we held that beer and a beverage containing less than one-half of 1 per cent. alcohol are goods of the same descriptive properties, and in Sexton & Co. v. Schoenhofen Co., 50 App. D. C. 363, 273 Fed. 327, this day decided we held cereal beverages, alcoholic and nonalcoholic, to be goods of the same descriptive properties within the Trade-Mark Act (Comp. St. § 9492). We also upheld the right of the owner of a trade-mark to extend its use from alcoholic to nonalcoholic cereal beverages

[3, 4] But the right of extension applies only to the specific mark, and not to a similar mark. The extension of the mark "Burg Brau" on beer to "Burg" on nonalcoholic beverages, would not come within the rule, since the marks are radically different. Nor would the use of the mark "Burg Brau" on lager beer, or its extension to nonalcoholic cereal beverages, lead to confusion with the use of the mark "Bergo" on nonalcoholic cereal beverages.

It therefore follows that registration should be accorded appellant company, and denied to appellee company.

The decision is reversed.

Reversed.

Mr. Justice HITZ, of the Supreme Court of the District of Columbia, sat in the place of Mr. Justice ROBB in the hearing and determination of this appeal.