## W. T. WAGNER'S SONS CO. v. ORANGE SNAP CO.

Circuit Court of Appeals, Fifth Circuit.
April 12, 1927.

No. 4940.

1. **Trade-marks and trade-names and unfair competition ⬤⟹3(4½)—Word "snap" is not subject to be appropriated for exclusive use in connection with ginger ale.**

Word "snap" is not subject to be appropriated for exclusive use in connection with ginger ale, since it is descriptive of qualities of such beverage, and word descriptive of class of goods cannot be adopted as trade-mark.

2. **Trade-marks and trade-names and unfair competition ⬤⟹61—Exclusive right to use of word "snap" in connection with ginger ale is not infringed by its use in connection with fruit beverages (Comp. St. § 9516d).**

Whatever right exists to exclusive use of word "snap" in connection with ginger ale and "merchandise of substantially the same descriptive qualities," under Act March 19, 1920, § 4 (Comp. St. § 9516d), is not infringed by use of word in connection with fruit beverages, since such beverages were not in same class, though both were nonalcoholic and contained principal ingredient derived from plant.

3. **Trade-marks and trade-names and unfair competition ⬤⟹61—Beverages are not in same class, in determining whether use of word is unfair competition, unless person desiring one might readily be misled into accepting other.**

To determine whether use of trade-mark name of another in connection with beverages is unfair competition, beverages are not in same class, unless person desiring one would be likely to be misled into accepting the other.

Appeal from the District Court of the United States for the Southern District of Georgia; William H. Barrett, Judge.

Suit for infringement of trade-mark by the W. T. Wagner's Sons Company against the Orange Snap Company. From a decree dismissing the bill, complainant appeals. Affirmed.

Gordon Saussy, of Savannah, Ga., and Walter F. Murray, of Cincinnati, Ohio, for appellant.

Frank M. Oliver, of Savannah, Ga. (Joseph C. Hester, of Savannah, Ga., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing a bill, filed by the appellant, the W. T. Wagner's Sons Company, an Ohio corporation, which asserted the claim that the appellee's use of the word "snap" in its corporate name, Orange Snap Company, and in the names of nonalcoholic beverages sold by appellee, infringed appellant's trade-mark, consisting of that word. The evidence showed the following:

On April 28, 1908, the word "Snap" was registered in the United States Patent Office as a trade-mark for ginger ale under an application filed December 13, 1907, by W. T. Wagner's Sons, a firm domiciled in Cincinnati, Ohio, which stated that applicants "have adopted for its use the trade-mark shown in the accompanying drawing for ginger ale, in class 45, beverages, nonalcoholic." The drawing referred to contained, at the top of the sheet, the following: "W. T. Wagner's Sons. Ginger Ale"—and in the middle of the sheet the single word "Snap." The appellant has not used the word "Snap" in connection with any product marketed by it, other than ginger ale, though it produces and sells other nonalcoholic beverages, including beverages from fruit juices. Appellee produces and markets nonalcoholic beverages from fruit juices under the names "Hamilton's Orange Snap" and "Hamilton's Lemon Snap."

[1] The evidence did not indicate that prior to the filing of the bill in this case the appellant had done anything to disclose a purpose to acquire the right to the exclusive use of the word "snap" in connection with any product other than ginger ale. It seems that that word is not subject to be appropriated for exclusive use in connection with ginger ale, because it is descriptive of qualities of that beverage. As colloquially used, the word "Snap" is not inappropriate to describe the qualities of life, briskness, exhilaration, pungency, or "pep" possessed by ginger ale, and to distinguish it from a liquid which is flat and lifeless to the palate. A word or name, which is descriptive of a class of goods with reference to which it is used, cannot be adopted as a trade-mark, and thereby appropriated to the exclusive use of any one. Goodyear India Rubber Glove Mfg. Co. v. Goodyear Rubber Co., 128 U. S. 598, 9 S. Ct. 166, 32 L. Ed. 535; Columbia Mill Co. v. Alcorn, 150 U. S. 460, 14 S. Ct. 151, 37 L. Ed. 1144; Standard Paint Co. v. Trinidad Asphalt Mfg. Co., 220 U. S. 446, 31 S. Ct. 456, 55 L. Ed. 536.

[2] But, assuming that appellant acquired the right to an exclusive use of the word "snap," its right to such exclusive use extended only to ginger ale, the product set forth in the registration, and to "merchandise of substantially the same descriptive properties as those" of ginger ale (Act March 19, 1920, § 4, 41 Stat. 534 [Comp. St. § 9516d]), or other beverages of the same general class. The evidence did not show that appellee's above-mentioned beverages possessed substantially the same descriptive qualities as are possessed by appellant's ginger ale, or any other ginger ale or beverage of the same general class. Appellee's Orange Snap and Lemon Snap are fruit beverages. Ginger ale is not a fruit beverage, and is not a beverage of substantially the same descriptive properties as those of fruit beverages. For two beverages to be of the same general class, it is not enough that each of them is nonalcoholic and contains a principal ingredient derived from a plant, however different the plants may be.

[3] Two beverages are not to be considered as being of the same class, when the general and essential characteristics of them are so different that a person desiring one of them would not be likely to be misled into accepting the other, because the same word is used in its name as is used in the different descriptive name of the one desired. John Sexton & Co. v. Schoenhofen Co., 50 App. D. C. 363, 273 F. 327; Virginia Baking Co. v. Southern Biscuit Works, 111 Va. 227, 68 S. E. 261, 30 L. R. A. (N. S.) 167; Beech-Nut Packing Co. v. P. Lorillard Co. (D. C.) 299 F. 834; 38 Cyc. 686. It cannot well be supposed that one would buy a beverage called Hamilton's Orange Snap in the belief that he was getting W. T. Wagner's Sons Company's Snap Ginger Ale. We conclude that, if the appellant had a valid trade-mark in the word "Snap," used with reference to ginger ale, its exclusive right was not infringed by the appellee's use of the same word in its corporate name and in the names of its fruit beverages.

The evidence afforded no basis for the granting of relief on the ground of unfair competition. It was not made to appear that appellee was guilty of any deceptive imitation of the dress adopted by appellee for its products, or that appellee's products were palmed off, or were attempted or intended to be palmed off, for appellant's ginger ale or any other product of the appellant.

The decree is affirmed.