**DAGGETT & RAMSDELL, Incorporated, Plaintiff,**

v.

**John A. MARZALL, Commissioner of Patents, and Lactona, Incorporated, Defendants.**

**Civ. No. 54–52.**

United States District Court, District of Columbia.

Nov. 4, 1954.

See also D.C., 106 F.Supp. 38.

Francis C. Browne, William E. Schuyler, Jr. (of Mead, Browne, Schuyler & Beveridge), Washington, D. C., for plaintiff.

E. L. Reynolds, Sol., U. S. Patent Office, J. Y. Houghton, Washington, D. C., for defendant, Lactona.

YOUNGDAHL, District Judge.

This is a suit to restrain the issuance of a trade-mark registration. Lactona, Inc., defendant, filed an application for a trade-mark registration on May 5, 1947, under the Trade-Mark Act of 1905, now 15 U.S.C.A. § 1051 et seq. It sought registration of the trade-mark "Debutanset" to be used on hairbrushes, hairbrush handles and hairbrush sets. Trade-marks are registered in classes. This particular one falls into a class entitled "Brooms, brushes and dusters." The United States Patent Office published the mark on June 1, 1948.

On June 30, 1948, Daggett & Ramsdell, Inc., plaintiff, filed an opposition to the registration of this trade-mark, naming both Lactona, Inc., and the Commissioner of Patents as co-defendants. Plaintiff manufactures various types of cosmetics which carry the trade-mark "Debutante". That trade-mark was registered on October 4, 1932, covering cosmetic items which fall into a class entitled "Chemicals, medicines and pharmaceutical preparations." The basis of plaintiff's opposition is that prior to the granting of the trade-mark "Debutanset" to defendant it had used its own trade-mark "Debutante" on a mascara set which includes the cosmetic mascara and a mascara brush, and that if defendant secures the registration it seeks, there will be confusion in the mind of the public as to the origin of the mascara brush, the trade-marks being so similar and both products being brushes.

Plaintiff's opposition was dismissed by the Examiner of Interferences after a full hearing. Plaintiff appealed to the Commissioner of Patents. On July 3, 1951, the Assistant Commissioner, on behalf of the Commissioner of Patents, dismissed the appeal, thereby affirming the Examiner of Interferences. He stated in his findings that:

"'* * * opposer's cosmetics for beautifying the skin and the applicant's hairbrushes and hairbrush sets, including hairbrush handles, used for grooming the hair, do not constitute goods of the same descriptive properties, being unalike in composition, physical appearance and utility, and further in view of the lack of identity between the marks of the respective parties the opposition was properly dismissed."

The Commissioner also found that there was no evidence before the examiner to show any use by plaintiff of its mark on a mascara set prior to March 12, 1947, the date defendant began using the trade-mark "Debutanset" on its hairbrushes.

■ This suit in form is a trial *de novo* of the decision of the Patent Office. Under Section 5(b) of the Trade-Mark Act of 1905, 15 U.S.C. § 85, now 15 U.S.C.A. § 1052, plaintiff will succeed in his opposition if he can show that defendant's trade-mark nearly resembles his own; that defendant's trade-mark is used on merchandise of the same descriptive properties with the result that it is likely to cause confusion in the mind of a purchaser or the public generally as to the origin of the respective goods.

Plaintiff asserts that "Debutanset" and "Debutante" are nearly identical marks, and that cosmetic items on the one hand and brushes on the other are sold and used together so commonly that the purchasing public is likely to assume that reasonably similar articles within this category have a common origin.

Defendant asserts that the trade-marks are not in any real way identical; that the goods are dissimilar in physical appearance and in the use to which they are put; and that the defendant sells brushes only while the plaintiff sells mascara primarily, the mascara brush being an incidental item included in the set for convenience.

■ A long standing and consistent policy of this Court is to accord considerable respect to the rulings of the Patent Office. Such rulings will not be overturned unless shown to be clearly erroneous or new and substantial evidence is offered. National Lead Co. v. Kingsland, D.C.D.C.1948, 74 F.Supp. 985; Abbott v. Coe, 1939, 71 App.D.C. 195, 109 F.2d 449. At the same time the Court is entitled to rely more heavily on its own judgment where the case, as here, does not involve an intricate scientific problem.

■ During the trial before this Court, evidence introduced by plaintiff to establish prior use of its trade-mark on mascara cosmetic sets which included brushes was admitted conditionally. The Court now rules this evidence was properly received. Plaintiff is not estopped from offering such evidence as a result of failing to present it to the Patent Office within proper time. Estoppel applies only when the failure to introduce evidence is an act of gross negligence, bad faith, or a conscious suppression or wilful withholding of available evidence. E. I. DuPont de Nemours & Co. v. American Cyanamid, D.C.D.C.1954, 120 F.Supp. 697, Shell Development Co. v. Pure Oil Co., D.C.D.C.1953, 111 F.Supp. 197, 199. No such bad faith exists here. The evidence is helpful to the Court in determining the dispute on hand and is therefore properly admitted. Knutson v. Gallsworthy, 1947, 82 U.S.App.D.C. 304, 164 F.2d 497.

Considering all of the evidence, this Court agrees with the decision of the Patent Office that the trade-mark "Debutanset" was properly registrable. It is not enough that plaintiff is able to establish prior use of its trade-mark on the mascara brush when the articles in dispute do not have the same descriptive properties. What the plaintiff is primarily selling and what the public is buying is the cosmetic mascara. The unmarked brush is an incidental item contained in the set for convenience. If one intends to buy a particular type of nail polish, for example, the known quality, the established name of the maker, the desired color of the polish will determine what brand will be purchased; the type brush which is to be used for application does not. The mascara brush is not itself marked in any way and is not offered to the public as an independent item in its line. Plaintiff is seeking to give an unwarranted trade-mark significance to the applicator as an independent item rather than as part of the cosmetic. A cosmetic set remains a cosmetic set, and a cosmetic brush found within the set does not change the descriptive properties of the set into those of a brush.

While a trade-mark on the outside of a cosmetic container is equivalent to applying it to a cosmetic in certain cases, Elgin American Mfg. Co. v. Elizabeth Arden, Inc., 1936, 83 F.2d 681, 23 C.C.P.A., Patents, 1153, we are of the opinion that marking a container for a cosmetic (the primary article being sold) is not equivalent to marking an accessory mascara brush, inserted into the container for convenience as an incidental item.

Beyond this it cannot be said that a mascara applicator and a hairbrush are articles with the same descriptive properties because both are used on the hair. Defendant's brushes are toilet articles used to keep the hair on top of the head in place while plaintiff's mascara applicator is an aid in applying a cosmetic to the eyelashes, giving them a darker color and the illusion of greater length. An attempt to apply mascara with one of defendant's brushes would be no more satisfactory than an attempt to comb one's hair with plaintiff's mascara brush. These products are designed to accomplish different purposes and the fact that they come into contact with a similar substance, hair, does not alter their basic differences. Razor blades and shampoo are both used on human hair but they do not have the same descriptive properties. McKesson & Robbins, Inc., v. Isenberg, 1948, 167 F.2d 510, 35 C.C.P.A., Patents, 1095. Nice distinctions on the basis of use

are constantly drawn. Affiliated Products, Inc., v. Crazy Water Co., 1939, 104 F.2d 366, 26 C.C.P.A., Patents, 1331; American Safety Razor Corp. v. W. G. Shelton Co., 70 U.S.P.Q. 243; Grove Laboratories, Inc., v. Terwilliger, 86 U. S.P.Q. 326.

The record indicates that plaintiff does not possess a distinctive or fanciful trade-mark. Plaintiff seeks to extend such trade-mark, which presently covers cosmetic items, to cover brushes and brush sets in an indirect manner by asserting prior use on a mascara brush and then striving to establish the similarity between this brush and the hairbrushes produced by defendant. Plaintiff did not use his trade-mark on brushes simply by placing it on a mascara set which included the mascara applicator for convenience. Assuming, however, that the trade-mark did attach in this manner to the mascara brush, the general nature of plaintiff's trade-mark, the different characteristics of the brushes in issue, would still allow defendant to register "Debutanset" on his brushes. Sunbeam Lighting Co. v. Sunbeam Corp., 9 Cir., 1950, 183 F.2d 969; Jewel Tea Co., Inc., v. Kraus, 7 Cir., 1950, 187 F.2d 278.

■ The Court is of the opinion that there is little likelihood of confusion as to the origin or source of the respective goods in issue. The two products differ in physical characteristics, mode of use and function. Furthermore, they are sold in different channels of trade and not on a competitive basis in the same stores—plaintiff selling on a house-to-house basis through the Fuller Brush Company, defendant selling through retail department stores. These differing areas of trade afford some evidence that no confusion will exist. Richardson v. Norcross, D.C.D.C.1948, 80 F.Supp. 799; McKesson & Robbins, Inc., v. Fischer Industries, Inc., 87 U.S.P.Q. 272.

The Court does not consider whether or not defendant abandoned use of the trade-mark "Debutanset" since no serious allegation has ever been made either in the Patent Office or in the complaint or any pleading or oral argument before this court.

■ Upon the oral arguments and written briefs, and upon all the evidence filed and presented here, the Court concludes that Lactona, Inc., as the Patent Commissioner found, is entitled to the registration of its trade-mark "Debutanset" to cover those goods enumerated in its trade-mark application.

An order may be prepared consistent with these findings.