### VISCOL CO. v. SOCONY–VACUUM OIL CO., Inc.

United States District Court
S. D. New York.
April 27, 1950.

Stone, Boyden & Mack, Washington, D. C., and Ward, Crosby & Neal, New York City (J. Hanson Boyden, Washington, D. C., and Joshua Ward, New York City, of counsel), for plaintiff.

Bernard J. Thole, New York City (Herbert C. Smyth, Jr., New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit under Section 4915 of the Revised Statutes as amended, 35 U.S.C.A. § 63, to cancel trade-mark registration No. 32,900, issued May 16, 1899 to Vacuum Oil Company, defendant's predecessor, and renewed May 16, 1929 by defendant, covering the mark "Viscolite" for "lubricating-oils".

Plaintiff is the owner of trade-mark registration No. 337,509, issued August 11, 1936, covering the mark "Viscol" for "oils and greases for water-proofing, making flexible, stuffing, finishing and improving the texture of leather and fibrous goods"; it asserts continuous use of the mark since at least April 2, 1889, when its predecessor, Adolph Sommer, first obtained registration of the mark for "leather-grease".

The complaint alleges that plaintiff is the owner of the mark "Viscol"; that the mark is used "chiefly on oils and greases for water-proofing, making flexible and finishing leather"; that it has been so used continuously by the plaintiff and its predecessors since 1888; that the marks "Viscol" and "Viscolite" are confusingly similar; that leather oils and lubricating oils are goods of the same descriptive properties; and that the use by defendant of the mark "Viscolite" on lubricating oils "has caused and is causing confusion", to plaintiff's injury. The prayer is for cancellation of defendant's registration.

The answer admits that plaintiff is the owner of the mark "Viscol", but denies most of the material allegations of the complaint, and sets up defenses of estoppel, laches and res judicata by reason of prior Patent Office proceedings between predecessors of the parties. It also alleges as a counterclaim that since about January 1, 1937, plaintiff has sold lubricating oil under the mark "Viscol" in infringement of defendant's mark "Viscolite", and is in unfair competition with defendant. The prayer as to the counterclaim is that plaintiff be enjoined from using the mark "Viscol" in the sale of lubricating oil, and also be required to account for profits and damages.

The proceedings in the Patent Office leading up to the suit were instituted by plaintiff on August 17, 1944, by petition for cancellation of the registration of defendant's mark under Section 13 of the 1905 Act, 33 Stat. 728, 15 U.S.C.A. § 93 [now §§ 1064, 1068, 1070], and on August 25, 1945 the petition was sustained by the Examiner of Interferences with a recommendation of cancellation. Appeal was thereafter taken by defendant to the Commissioner, and on January 21, 1947 the First Assistant Commissioner reversed the decision of the Examiner and dismissed the petition on a finding that plaintiff had failed to establish continuous use of the "Viscol" mark on oils and greases for dressing or treating shoes and leather during the period from 1928 to 1935. Plaintiff thereupon filed notice of appeal to the Court of Customs and Patent Appeals, after which defendant gave notice under Section 4911 of the Revised Statutes as amended, 35 U.S.C.A. § 59a, that it elected to have further proceedings conducted, as provided in Section 4915 of the Revised Statutes as amended, 35 U.S.C.A. § 63. The Court of Customs and Patent Appeals accordingly dismissed plaintiff's appeal on April 2, 1947, and the present suit was commenced on April 9, 1947. Jurisdiction is clear and undisputed. U. S. ex rel. Baldwin Co. v. Robertson, 265 U.S. 168, 44 S.Ct. 508, 68 L.Ed. 962; Galena Mfg. Co. v. Superior Oil Works, 104 F.2d 400, 26 C.C.P.A., Patents, 1301; McKesson & Robbins v. Charles N. Phillips Chemical Co., 2 Cir., 53 F.2d 342. There is also diversity of citizenship between the parties.

The history of "Viscol" as a trade-mark starts with the first registration of the mark, No. 16,460, by Adolph Sommer on April 2, 1889, for "leather-grease", with a claimed use since February 1888. Sommer was at the time a resident of California, and the product to which the mark was applied was a liquid preparation made principally from vegetable or animal oils and chloride of sulphur. There is evidence that this preparation was being advertised in California as early as 1891 for sale in cans as "Viscol dressing" for "softening, water-

proofing and preserving boots, shoes, harness, belting, etc."

In or about 1906, Sommer moved to Cambridge, Massachusetts, where he commenced doing business in the production and sale of his "leather-grease" under the name Viscol Company, and on August 30, 1906 he applied to the Patent Office for a second registration of the mark, for "oils and oily products for lubricating, waterproofing and improving the texture of leather and fibrous goods". This application was placed in interference with Vacuum Oil's 1899 registration of the mark "Viscolite" for "lubricating-oils", and after a prolonged contest it was found "that the goods of the parties are so distinct in character that no confusion can arise from the simultaneous use of the marks". It was accordingly held that Sommer was entitled to the registration, which issued on July 7, 1908, for "oils and greases for waterproofing, making flexible, stuffing, finishing, and improving the texture of leather and fibrous goods".

Sommer was actively engaged in the operation and development of the Viscol business in Cambridge until his death in 1933, and during this period of about 27 years the product was advertised under the "Viscol" mark in shoe and leather journals and in Montgomery Ward catalogs. Sales during the period were made in small cans to merchandising outlets for retail distribution, and in 5-gallon cans and 50-gallon drums to tanneries for use in processing leather.

Upon Sommer's death, Abraham K. Cohen was appointed by the Massachusetts Superior Court receiver of the Viscol business, with authority to continue its operation. Cohen thereafter carried on the business until 1936, when the entire property, including goodwill and trade-marks, was sold to The Stamford Rubber Supply Company, a Connecticut corporation located at Stamford, Connecticut, which operated the business as one of its own departments until January 1937. During the receivership the third and final application for registration of the Viscol mark was made by Cohen, the receiver, and it was on this application that registration No. 337,509, already referred to, was issued on August 11, 1936, to The Stamford Rubber Supply Company, as assignee of Cohen.

In January 1937, The Stamford Rubber Supply Company transferred the Viscol business, including goodwill and the trademark registration No. 337,509, to plaintiff, a new corporation organized in Connecticut for the purpose, and plaintiff has since then been engaged in the production and sale of Viscol leather dressing at Stamford, Connecticut. In 1938 plaintiff brought out a light machine oil which it started to sell in small bottles under the Viscol mark. This venture, however, proved to be a complete failure, and was abandoned in "about two years".

In June 1944, plaintiff received through the mails an invitation from a Federal Works Agency to bid on 55 gallons of "oil, for treating dust mops; Viscolite or equal, in 55 gallon drums". Nothing came of the invitation, but plaintiff at once seized on the incident as showing confusion between the two marks and commenced the cancellation proceedings in the Patent Office, on August 17, 1944. Except for this one trivial isolated incident, there never has been any confusion between the two marks, either as to the origin of the respective products or the uses to which the products were put.

The first two "Viscol" registrations, issued to Sommer on April 2, 1889 and July 7, 1908, have long since expired, and neither one has been renewed.

It is not clear from the evidence just when the "Viscolite" mark was first used by Vacuum Oil Company, defendant's predecessor, but the earliest date claimed by defendant is May 1892, and that date is more than three years later than the first "Viscol" registration on April 2, 1889, for "leather-grease".

The "Viscolite" registration for "lubricating-oils" was issued to Vacuum Oil on May 16, 1899, and that company was continuously engaged in producing and marketing the product under the "Viscolite" mark until its merger into the defendant in 1916; and the defendant has carried on

the business up to the present time. The "Viscolite" product, during all this period of over 45 years, was purely a petroleum product, which was sold extensively in domestic and foreign trade in 50- or 30-gallon barrels as a lubricant for heavy duty machinery; it has never been sold in cans or for dressing or treating shoes and leather.

There is in evidence a tabulation of the yearly domestic and foreign sales of Viscolite lubricating oils made by defendant, in 50-gallon barrels, during the period 1920-1947, showing that the sales increased from 8220 barrels in 1920 to 33,881 barrels in 1947. There is also in evidence a further tabulation of the yearly sales value of domestic and foreign shipments for 1920 and during the period 1938-1947, from which it appears that in 1920 the domestic shipments amounted to $13,584.60 and the foreign shipments to $223,571, and that during the 1938-1947 period the domestic shipments grew from $98,158.41 to $341,738.05, and the foreign shipments from $70,602.66 to $199,942.69.

■ *First.*—The Patent Office refused to cancel the "Viscolite" mark on a finding that plaintiff had failed to establish continuous use of the "Viscol" mark on oils and greases for dressing or treating shoes and leather during the period from 1928 to 1935. Plaintiff has now supplied this proof and the evidence is altogether convincing that the mark was, in fact, so used by plaintiff's predecessors during the questioned period. Yale Electric Corporation v. Robertson, 2 Cir., 26 F.2d 972; Safeway Stores v. Dunnell, 9 Cir., 172 F.2d 649, 653, certiorari denied 337 U.S. 907, 69 S.Ct. 1049; Speed Products Co. v. Tinnerman Products, 2 Cir., 179 F.2d 778, 780. I find, also, that plaintiff has good title to the mark, and that it has been continuously used by plaintiff and its predecessors on oils and greases for dressing or treating shoes and leather since 1889.

*Second.*—Plaintiff challenges the registration of the "Viscolite" mark on the broad ground that it does not meet the requirements of the second proviso of Section 5 of the 1905 Act, 33 Stat. 725, 15 U.S. C.A. § 85, [§ 1052] reading as follows: *"Provided,* That trade-marks which are identical with a registered or known trade-mark owned and in use by another, and appropriated to merchandise of the same descriptive properties, *or which so nearly resembles a registered or known trade-mark owned and in use by another, and appropriated to merchandise of the same descriptive properties, as to be likely to cause confusion or mistake in the mind of the public, or to deceive purchasers, shall not be registered."*

The Viscol and Viscolite marks are not identical, so that only the latter part of the proviso is applicable. The words "merchandise of the same descriptive properties", as appearing in the proviso, have been liberally construed by the courts. Philadelphia Inquirer Co. v. Coe, D.C., 38 F.Supp. 427, 431, affirmed 77 U.S.App. D.C. 39, 133 F.2d 385, certiorari denied 318 U.S. 793, 63 S.Ct. 993, 87 L.Ed. 1158. But see Yale Electric Corporation v. Robertson, supra, p. 974. I think, therefore, that the Viscol "oils and greases for waterproofing, making flexible, etc., of leather", are of the same descriptive properties as the Viscolite "lubricating oils".

■ The Viscolite mark, however, does not so nearly resemble the Viscol mark as to be likely to cause confusion or mistake in the mind of the public or to deceive purchasers. The best evidence of this is to be found in the fact that during the entire period of over 45 years of simultaneous use of the marks by the parties or their predecessors there has been no confusion whatever either as to the origin of the respective products or the uses to which the products were put. I find nothing in Speed Products Co. v. Tinnerman Products, supra, holding to the contrary, for there the similarity of the marks was such as to make confusion likely, and there was no such long period of simultaneous use without conflict between the marks as in the present case. I cannot see, therefore, any good reason why the two marks should not continue to be used simultaneously, which in effect is the same ruling made by the Patent Office in the 1908 interference proceedings, when it found that the goods of the parties were "so distinct in character that no confusion can arise from the simultaneous use of the marks". The com-

plaint to cancel the "Viscolite" registration No. 32,900 is accordingly dismissed, and with this disposition it will be unnecessary to consider the defenses of estoppel, laches and res judicata set up by defendant in its answer.

*Third.*—The counterclaim of defendant for infringement of the "Viscolite" mark and for unfair competition remains for consideration. The entire basis of this claim is the unsuccessful attempt of plaintiff, in 1938, to extend the "Viscol" mark to light machine oils. This attempt was abandoned as early as 1940, and there is no evidence to indicate that it will ever be renewed. Whether such an extension of the mark may properly be made is, therefore, purely an academic question which requires no determination at the present time.

The complaint and the counterclaim set up in the answer are both dismissed, without costs to either party.