**NEHI CORP.**

**v.**

**MISSION DRY CORP.**

**Civ. A. No. 1417.**

United States District Court
D. Delaware.

Dec. 9, 1953.

Henry M. Canby (of Richards, Layton & Finger), Wilmington, Del., Raymond A. Walsh, Washington, D. C., and Ellis W. Leavenworth, New York City, for plaintiff.

Morris, Steel, Nichols & Arsht, and William S. Megonigal, Jr., Wilmington, Del., and Albert J. Fihe, Burbank, Cal., for defendant.

LEAHY, Chief Judge.

Plaintiff seeks to cancel defendant's registered trademark for soft drinks and concentrates, "Royal Punch", No. 381,-897 in the U. S. Patent Office, dated October 15, 1940. Action is founded on

§ 21 of the Trademark Act of 1946 [1] and 35 U.S.C. § 146 (formerly R.S. § 4915). The ground for cancellation is likelihood of confusion in view of plaintiff's prior and extensive use of the trademark for soft drinks and concentrates, "Royal Crown", registered in the U. S. Patent Office as No. 351,710 November 2, 1937.

1. Plaintiff petitioned the Patent Office to cancel defendant's mark. The Examiner of Interferences granted the petition. Upon defendant's appeal to the Commissioner of Patents, this decision was reversed, and the petition dismissed. Plaintiff elected to bring this action instead of appealing to the Court of Customs and Patent Appeals and filed its complaint here, both parties being Delaware corporations. Upon stipulation of the parties, the case was tried upon the record in the Patent Office proceeding (Cancellation No. 5370).

Both trademarks are applied to goods of the same descriptive properties, soft drinks—although the two flavors differ so widely the most careless fancier of the carbonated beverage would at first sip be startled by the consternation of a palate, prepared for cola but supplied with grape. Plaintiff's registration is not limited to cola, nor is defendant's registration to grape. I make allowance in decision for the facts and circumstances attendant upon the ordinary retail purchase of soft drinks, viz., small price, types of purchasers, and places of sale.

 The crucial issue is whether "Royal Punch" so simulates "Royal Crown" as to confuse the ordinary, reasonable purchaser to buy the former as the product of the owner of the second mark. Unless confusion is likely among reasonably careful purchasers, plaintiff can not prevail. As stated in a prior

decision of this court,[2] where the authorities are cited, the test "is not an analytical difference between marks of two competing products when placed in juxtaposition, but whether a sensory difference will be recognized by the ordinary purchaser when he does not have the opportunity for comparison—i. e., whether a deceptive similarity exists when average buyer is unable to distinguish defendant's name or mark from his recollection of plaintiff's mark. Short of this, resemblance constituting infringement is incapable of exact definition." My application of this test results in the finding here there is no confusing similarity between the two marks.

 Each of the marks contains two words. Although the first word of each is identical, each mark must be viewed as a whole, since "Combined they constitute a trade-mark which is the subject of protection by the law." [3] I think there is a sufficient dissimilarity in appearance of the two marks, their pronunciation or sound, and their suggestiveness so that the ordinary purchaser would not confuse them.[4] Cf. Viscol Co. v. Socony-Vacuum Oil Co., Inc., D.C., 90 F.Supp. 499. On sight, the identity of the first word of each mark does not overcome the dissimilar impact of the two integrated marks. Indeed, defendant's mark is used only on bottle caps whose design, color scheme and word content are vastly different from plaintiff's. The bottles are likewise completely different. To the ear, the complete marks do not sound alike; the second word of each has a tonal quality unlike the other, although both comprise a single syllable. There is no similarity of suggestion to the prospective purchaser's memory of the two marks. The record shows no evidence, or even intimation of defendant's intent to derive benefit from the reputation of

1. 60 Stat. 427, 15 U.S.C. § 1051 et seq.

2. Telechron, Inc. v. Telicon Corp., D.C., 97 F.Supp. 131 at page 142.

3. Q-Tips, Inc. v. Johnson & Johnson, 3 Cir., 206 F.2d 144, 147.

4. The record is bare of any instance of actual confusion which, while not an essential of plaintiff's case, at least does not detract from the finding.

plaintiff's trademark, and I believe there was none. Dissimilarity is not destroyed by considerations of the marketing methods for the soft drinks or by the calibre of consumers' powers of perception.[5]

2. With this pivotal finding of fact, the decision is complete. To gratuitously tackle the matter of laches would be sheer obiter and a truly quixotical venture.

### Findings of Fact

1. Each of the parties hereto is a Delaware corporation engaged in the business of manufacturing soft drinks and concentrates for making the same, plaintiff's main office and plant being located at Columbus, Georgia, and defendant's at Los Angeles, California.[6]

2. Plaintiff and its predecessors have used the trademark "Royal Crown" on soft drinks and concentrates continuously since 1906 [7] and registered the mark November 2, 1937, in the U. S. Patent Office, No. 351,710.[8]

3. Defendant has used the trademark "Royal Punch" on a grape flavored soft drink and concentrates for same continuously since December 1937 [9] and registered the mark in the U. S. Patent Office on October 15, 1940, No. 381,897, disclaiming apart from the mark the word "Punch" as descriptive.[10]

4. The soft drinks of each of the parties are bottled and widely sold to the public by franchised bottlers located in various parts of the United States, plaintiff's being much the larger business.[11]

5. The trademark "Royal Crown" was originally used on a general line of soft drink flavors, but is now being used by plaintiff on a cola drink exclusively.[12]

6. The trademark "Royal Punch" is and always has been used on a grape flavored drink exclusively.[13]

7. Plaintiff's mark "Royal Crown" is applied to both bottles and bottle caps.[14]

8. Defendant's mark "Royal Punch" is applied only to bottle caps.[15]

9. The trademarks "Royal Crown" and "Royal Punch" are not confusingly similar.

### Conclusions of Law

1. The court has jurisdiction of this action.

2. "Royal Crown" is a valid trademark for soft drinks and concentrates for making the same, and plaintiff is the owner thereof.

3. "Royal Punch" is a valid trademark for soft drinks and concentrates for making the same, and defendant is the owner thereof.

4. Confusing similarity of trademarks is such simulation as to be likely to deceive or cause confusion as to origin of products to the ordinary, reasonably careful prospective purchasers.

5. The test of confusing similarity of trademarks is not the side by side comparison made in court but the conclusion as to the probable result of a memory comparison of the marks by reasonably careful prospective purchasers.

6. Plaintiff is not entitled under the law to a decree directing cancellation of defendant's trademark registration No. 381,897.

Complaint dismissed upon presentation of order on notice.

---

5. The factors suggested by § 729, Restatement of Torts, in determining questions of confusing similarity have been considered. See Q-Tips, Inc. v. Johnson & Johnson, supra, note 3.

6. Complaint, par. 1; Answer, pars. 1, 2.

7. Petitioner's Record in Patent Office (hereinafter P.R.), pp. 5, 14, 15.

8. Petitioner's Exhibit No. 9.

9. Respondent's Record in Patent Office (hereinafter R.R.), p. 2.

10. Petition for Cancellation, Exhibits C, D.

11. P.R., pp. 16–19; Ex. 13, R.R. pp. 4, 8–12.

12. P.R., p. 25.

13. R.R., p. 2.

14. Ex. A to complaint; Ex. No. PX 17 (added at trial by agreement to the Patent Office record).

15. Respondent's Ex. 1.