**NEHI CORP.**

v.

**MISSION DRY CORP.**

No. 11284.

United States Court of Appeals
Third Circuit.

Argued May 18, 1954.

Decided June 16, 1954.

Ellis W. Leavenworth, New York City (Watson, Leavenworth, Kelton & Taggart, New York, N. Y., Parker & Walsh, Washington, D. C., Richards, Layton & Finger, Wilmington, Del., Raymond A. Walsh, Henry M. Canby, Wilmington, Del., on the brief), for appellant.

Albert J. Fihe, Burbank, Cal. (Morris, Steel, Nichols & Arsht, and William S. Megonical, Jr., Wilmington, Del., on the brief), for appellee.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The district court dismissed Nehi Corporation's action to cancel Mission Dry Corporation's registered trade-mark for soft drinks and bases and concentrates for preparing same. Nehi appeals.

Its first proposition is that Mission's trade-mark "Royal Punch" is confusingly similar to its trade-mark "Royal Crown" when both are applied to soft drinks. It reasons that the test for confusion is applied to ordinary purchasers; that the ordinary purchasers of soft drinks are careless and casual purchasers; therefore the confusion test in this instance should be applied to careless and casual purchasers.

We find nothing in the record to support the contention that the ordinary soft drink buyer is a careless and casual buyer but, even so, we note that Chief Judge Leahy in his opinion made specific allowance "for the facts and circumstances attendant upon the ordinary retail purchase of soft drinks, viz., small price, types of purchasers, and places of sale." 117 F.Supp. 116, 117.

One of the cases relied upon by the trial court in ascertaining whether the confusion existed was his own opinion in Telechron, Inc., v. Telicon Corp., D. C., 97 F.Supp. 131, which we affirmed in 3 Cir., 1952, 198 F.2d 903. The latter decision with others of the type is here relied upon by appellant.

On the issue of confusion it is evident from the trial judge's opinion that he had very much in mind just what and who were involved. Using the same sound standard as he had in the Telechron matter, namely, whether an average buyer is unable to distinguish defendant's name or mark from his recollection of plaintiff's mark, the court concluded that, as he stated in his opinion, "I think there is a sufficient dissimilarity in appearance of the two marks, their pronunciation or sound, and their suggestiveness so that the ordinary purchaser would not confuse them." Our own examination of the record convinces us that the trial court's determination of that issue of fact is not only supported by the evidence but is clearly the right decision. Cf. Q-Tips, Inc., v. Johnson & Johnson, 3 Cir., 1953, 206 F.2d 144.

We agree with the district court that there is no necessity at this time of examining into the question of laches on the part of the appellant as determined by the Commissioner of Patents.

The judgment of the district court will be affirmed.